## SOURS et v SHULER

Ohio Appeals, 3rd Dist, Hancock Co

No 307. Decided Jan 13, 1932

A. G. and R. E. Fuller, Findlay, for plaintiffs in error.

George H. Phelps, Findlay, for defendant in error.

the ground that "The action was not commenced against them and that they were not made parties until after the expiration of one year following the probate of the will of which they are legatees." Both of these motions were sustained by the trial court and a final judgment dismissing the cause was entered. To reverse this judgment this proceeding in error is prosecuted.

The questions are:

1. Is it necessary in a petition to contest a will, to allege that the will has been admitted to probate?

2. If so, and such an allegation has not been made, may it be supplied by an amendment, filed one year after the will was admitted to probate?

3. If no legatee, devisee or transferee of any legatee or devisee was summoned within one year after the willl was admitted to probate, will a contest of the will lie?

Sec 12079 GC, provides, in part, as follows:

"A person interested in a will or codicil admitted to probate * * * may contest its validity by a civil action in the Court of Common Pleas of the county in which such will is probated."

Clearly, by the terms of this statute a proceeding to contest a will does not lie in the absence of an allegation that the paper writing, purporting to be a will, had been admitted to probate. Bartley, J, in the case of **The Matter of the Last Will, etc., of Hathaway, deceased,** found in **4 Oh St, 383, on page 386,** said:

"Before probate, a will is without any legal effect, and can not even be made the subject of a proceeding to contest it. The form and solemnity of the proceeding to admit a will to probate, is required to show its due execution, and admit it to become a matter of public record."

Turning now to the second proposition. §11363 GC, in part, provides as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process or proceeding. * * * by inserting other allegations material to the case. * * *"

In the instant case, the plaintiff, by leave of court, filed on June 17, 1930, a supplement to the petition in which she alleged that the paper writing purporting to be the last will

JUSTICE, PJ.

The case turned upon two motions. The defendant Clarence R. Hosler, as administrator with the will annexed of Huldah Shuler, deceased, moved to dismiss the cause on the ground that: "The court has no jurisdiction either of the subject-matter or of the parties necessary to the contest of a will." The defendants Lillie Shuler, Hattie Hosler and Clarence Hosler moved to quash the service of summons on them on

and testament of Huldah Shuler, deceased, had been admitted to probate on December 8, 1928. By this amendment, and such it should be deemed and considered to be, the omission, if such there be, in the petition, is cured. To hold otherwse would be to ignore the plain provisions of the statute and thus defeat one of the purposes of its existence.

Coming now to the last proposition. §12080 GC provides that:

"All the devisees, legatees and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

Sec 12087 GC, provides, in part, as follows:

"The action to contest a will or codicil shall be brought within one year after it has been admitted to probate. * * *"

Sec 11230 GC, provides, in part, as follows:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is * * * otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

Sec 11231 GC, provides as follows:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

It will be observed that none of the parties summoned, either personally or by publication, within one year after the probation of the will, were beneficiaries or a transferee of a beneficiary under the will. None of them summoned within the year had any financial interest in upholding the will. To the contrary, all of them who were summoned within the year were interested in having the will set aside and held for naught. It will be further observed that the curative provisions of §11231, GC, have no application to the facts in this case.

Said §11230, GC, has been construed by our Supreme Court. In the case of McCord v McCord, 104 Oh St, 274, it is held:

"Co-defendants are 'united in interest' within the meaning of the provisions of §11230, GC, only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action."

Applying this rule of law to the facts in this case, we are unanimously of the opinion that no will contest was pending within the purview of §12087, GC, within one year after the will was admitted to probate.

All other claims of error have been considered and we find them to be not well taken.

Holding these views, it follows that the judgment under review should be affirmed.

CROW and KLINGER, JJ, concur.