LANDRUM *v.* FULTON, SUPT. OF BANKS.

(Decided October 31, 1933.)

Mr. *Columbus Ewalt* and Mr. *W. J. Sperry,* for plaintiff.

Mr. *John W. Bricker,* attorney general, and Mr. *Wm. L. Robinson,* for defendant.

SHERICK, P. J.  The plaintiff, Inez Landrum, appeals her cause to this court. She seeks a judgment against the liquidating officer, I. J. Fulton, and asks that her claim be allowed as a preference. A statement of the petition's averments is not necessary for an understanding of the issue presented.

The second defense contained in the defendant's answer presents the only question submitted to and considered by this court. There is no transcript of the evidence before us. Certain facts, however, are conceded to be true. These, together with the pleadings, we consider in determining the sufficiency of the defense made.

It is averred as a defense to the action that the defendant rejected the plaintiff's claim for preference on June 3, 1932, and that on June 6 notice of rejection was served on the plaintiff as prescribed by law, and that the defendant caused an affidavit of the service of such notice to be filed in his office; that on the 9th day of August plaintiff filed her petition in the Court of Common Pleas of Knox county, and there was attached thereto a written precipe for summons to be directed to the sheriff of Franklin county for the defendant; and that at the time of filing the petition and precipe, plaintiff's counsel directed the clerk to withhold the issuance of summons until further notice, while he sought to procure an entering of appearance by the defendant.

It is then pleaded that the defendant never entered his appearance; that a summons was not caused to be

issued until April 21, 1933; that summons was not served upon him until April 24; and that the claim is therefore barred by the statute of limitations, it not having been commenced within a period of six months after the claim's rejection, as provided by Section 710-92, General Code.

The plaintiff concedes that the proven facts establish the truth of these averments. The reply contains one allegation that is of interest. It is stated "that this action was properly commenced within the time provided by law." We would here note that the reply does not plead a waiver of summons, but the claim is now made, as it was in the court below, that defendant's local counsel had actual knowledge of the petition's filing, and that the defendant entered his appearance on July 12, 1933, when leave to answer generally was filed without objection being made to the court's jurisdiction, and by going to trial without objection.

A further admitted fact is of importance. That is that summons was not issued until the plaintiff had deposited security for costs with the clerk as provided by Section 2882, General Code.

It is an elemental rule of pleading that where a petition, as in this case, does not disclose upon its face that the cause of action alleged is barred by the statute of limitations, demurrer does not lie. The issue must then be made by answer. And it is equally elemental that a defense of the statute of limitations is an affirmative defense. If the plaintiff's contention is sound, one might always by skillful pleading deny a defendant his right to plead a statute in bar of the action, for he has submitted to the court's jurisdiction over his person. The true theory is that one must invoke the court's jurisdiction where the petition does not disclose that the cause of action is barred, otherwise he could not make the defense. We are unable to see where the matter of jurisdiction is an issue in this case.

The same may be said as to the matter of waiver, for it was not pleaded and cannot now be considered.

The real question in this case is: When shall this action be deemed to have been commenced?

Section 11279, General Code, provides:

"A civil action must be commenced by filing in the office of the Clerk of the proper court a petition, and causing a summons to be issued thereon."

The next section, 11280, General Code, requires the plaintiff to also file a precipe, "demanding that a summons issue". True the plaintiff in this case did file a precipe, but the clerk did rightly delay issuing summons for two reasons, first, plaintiff's counsel asked that its issuance be withheld, second, the summons requested by the precipe was to issue to the sheriff of another county in the state, and plaintiff had not complied with the provisions of Section 2882, General Code, which requires that a deposit be first made to secure the cost of service.

Section 710-92, General Code, employs this language: "An action upon a claim so rejected must be brought within six months after such service". It is argued that the word "brought", as used in this special act, has not the same meaning as the word "commenced" which appears in the general act, that is Section 11279, General Code. With this view we do not agree. It is our understanding that these words are synonymous when considered in the light of their intended legal use and understanding.

If plaintiff could bring such an action without the issuing of summons, the cause might stand upon the docket unknown to the liquidator until such time as final dividend or distribution had been made, and the liquidator then be unable to pay the demand as a preferred claim. In accordance with the view urged, it could, however, be said that the action had been brought and the section of the statute complied with.

It was the rule at common law that many actions did not survive. This resulting unfairness was corrected by statute; but it was not the legislative intent that the time in which an action might be brought should end when eternity began, but within the time granted by the statute. In the presented case the Legislature deemed six months a sufficient period. It was contemplated that the process of liquidation of any insolvent bank be as speedy as possible, that the claimants and not their heirs might receive that which was their own. The verb "bring" is active not passive. It contemplates the doing of something effectual, that is, the bringing of some one to account or the accomplishment of some definite purpose, and not the mere gesture towards an objective.

A decree may be entered for the defendant.

*Decree for defendant.*

MONTGOMERY, J., concurs.
LEMERT, J., dissents.