## BEAR v OLD TYME DISTILLERIES, INC

Ohio Common Pleas, Franklin Co

Decided May 16, 1935

### OPINION

By REYNOLDS, J.

On February 21, 1935, the petition was filed in this case, and at the same time an affidavit for constructive service, and affidavit for attachment and garnishment was filed, and orders of garnishment and attachment were issued on the same date.

The garnishee was the Department of Liquor Control, which was indebted to the Old Tyme Distilleries, Inc., for liquor purchased, the latter being claimed by plaintiff to be indebted to plaintiff.

No summons was issued in this case, but at the time of filing the petition, a praecipe for service by publication was filed, containing the direction to the clerk to forward a copy of the petition to the defendant.

The record also shows that the clerk mailed a marked copy to The Daily Reporter, in which the notice was published, dated February 25, 1935, to defendant.

The question is raised as to whether the attachment could properly issue on February 21 under these conditions. §11819, GC, provides that:

"In a civil action for the recovery of money, **at or after its commencement,** the plaintiff may have an attachment against the property of the defendant upon **any** one of the grounds herein stated."

It is to be noted that the statute provides for attachment only "at or after" the commencement of the action.

An order of attachment issued █ before the commencement of the action is invalid. See Seibert v Switzer, 35 Oh St 661.

If the action in this case was not commenced when the attachment issued, then the attachment was issued without authority, and should be dismissed.

Sec 11279, GC, provides that:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

In the case of Central Savings Bank Co. v William Lagenbach, 1 N.P. 124, where the identical question was raised, the plaintiff having filed a petition an affidavit for attachment, and without having summons issued, proceeded with service by publication, the court said, "No attachment can issue until a civil action is commenced by the filing of a petition and causing a summons to issue thereon. The issuing of a summons is as important an element in the commencement of an action as is the filing of a petition. * * * Until an action is so commenced, there is no action in which an attachment can issue. An attachment is a remedy auxiliary to an action for a money judgment. Without an action, there is no foundation for the attachment. The order of attachment caused to be issued by the bank company before an action was brought by filing a petition and causing a summons to issue thereon was unauthorized and void. * * *"

Under no theory can plaintiff's action be deemed to have been commenced, when the order of attachment issued.

Sec 11230, GC, providing that:

"Where service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

The conclusion reached, therefore, is that the attachment was improperly issued, and the motion to quash the attachment is, for that reason, sustained.

Having reached this conclusion, it is unnecessary to pass on the motion of the Department of Liquor Control to dismiss and quash the writ of attachment and order of garnishee, predicated on the claim that it is a department of the state of Ohio and as such is not subject to the jurisdiction of the court in this proceeding.

## JOURNAL ENTRY

This day this cause came on to be heard upon the motion of the defendant, Old Tyme Distilleries, Inc., filed February 7, 1936 to dismiss, quash and discharge the attachment heretofore issued herein and predicated upon an affidavit and attachment filed herein on the 10th day of January, 1936, and it appearing to the court that heretofore to-wit, on February 21, 1935, a petition, affidavit for constructive service, affidavit for attachment and garnishment were filed, and an order of garnishment issued thereon, and that upon motion of defendant to quash said order of garnishment and attachment and upon hearing thereof, this court found that said order of attachment was invalid and sustained the motion of the defendant to quash and discharged said attachment.

This court finds that said action was a proceeding in rem and that the attachment of the property of the defendant therein was essential to the jurisdiction of the court and that therefore the dissolution of the attachment carried with it the dismissal of the main suit, and that the order should have included the dismissal of said petition.

The court further finds that the motion of the defendant filed herein, on the 7th day of February, 1936, is well taken and that this court is without jurisdiction for the reason that there was no legal action then pending, and that therefore the motion should be sustained.

It is therefore ordered, adjudged and decreed that the motion of the defendant to quash and discharge the attachment heretofore issued herein upon said affidavit of January 10, 1936, is well taken, and the same is hereby sustained.

It is further ordered that the attachment herein issued be and the same hereby is discharged, quashed and held for naught.

It is further ordered that the Fidelity & Casualty Company of New York having posted a bond with the clerk of this court in the sum of $1,000 to discharge the attachment heretofore issued is hereby released and discharged from any and all obligations arising by virtue of said attachment bond and the said Fidelity & Casualty Company of New York, as surety is hereby discharged and released therefrom.

It is further ordered by the court that the service by publication commenced by plaintiff on December 18, 1935, be and the

same hereby is quashed and held for naught.

It is further ordered by this court the petition of the plaintiff be and the same hereby is dismissed at the plaintiff's costs, without prejudice.

This cause coming on further to be heard on the oral motion of the plaintiff for a re-hearing on the motion to quash and discharge the attachment was argued by counsel for plaintiff and defendant and the court being fully advised in the premises finds said motion is not well taken and overrules said motion, to all of which findings and orders of the court the plaintiff hereby excepts.