## DODDRIDGE v STARKS

Ohio Appeals, 2nd Dist, Darke Co

No 586. Decided Dec 11, 1940

S. W. Mote, Greenville, for appellant.
Wilbur D. Spidel, Greenville, for appellee.

## OPINION

BY THE COURT:

This cause had its inception in the court of W. F. Mills, Justice of the Peace for Liberty Township, Darke County, Ohio.

A bill of particulars was filed by the plaintiff asserting that there was due to him from defendant a small sum of money for labor performed on about the 2nd of January at the request of the defendant. Plaintiff prays judgment. The bill of particulars was dated July 11, 1940. At the same time an affidavit in attachment was filed, for which a printed form was used and certain erasures were so made that it is rather difficult to tell just what this affida-

vit contained, but we conclude that the grounds asserted for the attachment are those numbered 6 and 8 as follows:

6. Defendant is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors.

8. Defendant has assigned, removed or disposed of or is about to assign, remove or dispose of his property or a part thereof with intent to defraud his creditors.

The affidavit in attachment was filed under favor of §10253, which enumerates the ten different grounds upon which a justice may base an order of attachment. The tenth ground is that the claim may be for work or labor or for necessities. It appears from the bill of particulars that the claim was based upon work done upon the defendant's automobile by the plaintiff. Why the plaintiff did not use the tenth ground, which would have avoided all questions now presented to us, is not clear. See **Schoulp v Thompson, 16 C. C. (N.S.) 418.**

Under favor of **§10259 GC,** a motion was made to discharge the attachment and release the property. This section provides, in substance, that any time before judgment, upon reasonable notice to plaintiff, the defendant may make a motion to discharge the attachment or release the property. Any party to the action may appeal to the Court of Common Pleas.

**Sec. 10261 GC** provides, in substance, that upon such notice of appeal being given the justice shall forthwith transmit to the Common Pleas Court all original papers and that thereupon, within three days from such notice, the court shall determine the motion as though it were originally brought in such court. On final hearing the court shall transmit the judgment with the original papers to the justice of the peace, which judgment must be entered upon his docket as a final determination of the motion.

Under **§10259 GC** a motion to discharge was made and overruled by the justice and notice of appeal was given and the papers transmitted to the Court of Common Pleas, which court heard the motion and overruled the same. The entry in the Common Pleas Court, dated July 31st, was to the effect that the motion was presented to the court de novo on appeal and the court overruled the same and ordered the cause remanded to the justice of the peace for further proceedings.

Motion to discharge the attachment was based on five grounds to the effect that the affidavit was not sufficient in law and the facts stated are not true; that the automobile was in the state of Indiana when taken by the constable and that another action was pending before another justice of the peace and that the plaintiff had not paid the costs therein.

Notice of appeal to this court from the judgment of the Court of Common Pleas rendered on July 31st, on questions of law, was given and the case lodged in this court.

The first matter that engages the attention of this court is whether or not the action of the Court of Common Pleas in overruling the motion to dismiss the attachment was a final order from which an appeal could be had to this court. There is no motion to dismiss the appeal, but this court has a right sua sponte to dismiss the appeal if not properly before the court.

This matter has been under discussion in a number of cases which are not in harmony.

In the case of **Pennington v Public Motor Truck Company, 7 Oh Ap 227,** it is held that the judgment of the Court of Common Pleas in granting a motion to discharge an attachment, where such motion was before the Common Pleas Court upon appeal from the action of the justice of the peace, is a final judgment which is subject to review by the Court of Appeals. The court in arriving at its conclusion cites a number of cases.

**Bernard v Schwartz, 22 C. C. 147,** does not directly pass upon the question, but the cause in that case was before the Court of Appeals upon error proceedings from the judgment of the Court of Common Pleas. No motion to

dismiss the appeal was filed or considered so that the authority, if any, of this case depends upon the fact that the Court of Appeals considered the appeal without objection.

**Benoski v Adams Company, 18 O. C. C. (N.S.) 478**, holds that error lies to the circut court from an order of the Common Pleas Court overruling a motion to discharge an attachment appealed to the latter court from a justice of the peace. This case seems to be in harmony with the ruling in the case of Pennington v Motor Truck Company, supra.

The cases taking the opposite view will now be noted.

In **Rogers v Pruschansky, 3 C. C. (N.S.) 366**, it is held that the Common Pleas Court has no authority upon appeal from the justice to entertain a new motion or consider anything but the motion filed before the justice, that the motion having been determined, the case should be certified back. The court on page 367 takes occasion to say that the section was intended not to give jurisdiction by appeal to the Court of Common Pleas of the entire case, but simply for the purpose of determining the motion for the discharge of the attachment and having done so, to certify the case back to the justice of the peace.

**Lyon v Phares, 9 O. C. C. (N.S.) 614** holds that the section does not give jurisdiction of the entire case in an appeal from an order of the magistrate overruling a motion to discharge the attachment, but the decision by the Common Pleas Court is to be sent to the justice to be entered by him as a final judgment of the matter in the justice's court, which is the only final judgment in the action and the only one from which error may be prosecuted. The court states that error does not lie to the Circuit Court from the judgment of the Common Pleas Court, which is not a final judgment.

**Williams v McCartney, 10 O. C. C. (N.S.) 161,** holds that under this section the proper procedure is for the Common Pleas Court to determine within three days whether the action of the justice in overruling the motion was right and the decision with the original papers returned to the justice to be entered by him on his docket as the final determination of the motion. The court states that it is quite clear that all the Court of Common Pleas can do is to ascertain whether the provisions of the statute have been complied with and, if so, to determine whether the justice did right in overruling the motion and to transmit his decision to the justice. There is no case pending in the Court of Common Pleas. The case is still pending before the justice. It is not in the Court of Common Pleas for any purpose of a trial. The court should either affirm or reverse the ruling of the justice and send its decision back to the justice. After this was done, but not until then, the defendant would have had the right to go to a higher court on the whole case, but the court held that as the case stood there is no final judgment of the justice on the question from which appeal may be taken to the Court of Appeals.

**Greenow v Harrison, 12 O. C. C. (N. S.) 128** holds that error can not be prosecuted from a judgment rendered on appeal from the determination by the justice of the peace on a motion to discharge the attachment.

This court is of the opinion that the better view is expressed by the latter cases. The appeal provided by §10259 GC and the proceedings of the court under §10260 GC are simply to provide a summary disposition of the motion to discharge the attachment and in no sense provides for an appeal upon a final judgment, as defined by §12223-2 GC.

The appeal from the Court of Common Pleas will be dismissed for the reason that there is no final order appealable to this Court. However, in the interest of bringing the cause to final conclusion, we examine the matter sought to be presented by the appeal.

A bill of exceptions is filed which is largely devoted to an attempt to show that the defendant in the transaction in reference to the automobile as well

as to other property owned and disposed of by him was, as a matter of fact, about to convert his property for the purpose of placing it beyond the reach of his creditors or that he was about to remove or dispose of it with the intent to defraud his creditors.

The evidence, in substance, is to the effect that when the automobile was repaired by the plaintiff, the plaintiff would not deliver it to the owner unless he paid the bill, but that the owner thereupon made him promises as to his intention to sell other property and use the money to discharge the obligation to the plaintiff; that he did sell other property, but did not devote any of it to the payment of this debt. It is also disclosed that the automobile was taken over into Indiana to the home of a relative of the defendant. As a matter of fact, it was there first attached by the constable which attachment was discharged when it was ascertained that the automobile was in Indiana instead of Ohio. At a subsequent date another attachment was secured before another justice of the peace and the attachment levied in Ohio within the jurisdiction of the constable.

The testimony relating as it does to the **intent** of the defendant to convert his property into money for the purpose of defrauding his creditors is such as should be considered and finally determined by the trial court. While the evidence may not be conclusive as to the intent of the defendant, yet the judgment of the court upon this point should not be disturbed unless manifestly against the weight of the evidence, which is not the fact in this case.

Appeal dismissed. Cause remanded.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.