## SHAFFER v SHAFFER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1685. Decided Dec 31, 1941

442

Mathias H. Heck, Dayton, for plaintiff-appellant.

Ralph M. Stutz, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law and fact from an order of the Common Pleas Court sustaining a motion of defendant to discharge an attachment issued upon certain monies of the defendant in the hands of a bank.

Although, as noted, the appeal is on questions of law and fact, no evidence is before us in any form whatever. So that, the questions must be determined by an examination of the original papers to be found in the transcript of docket and journal entries.

Certain salient facts thus appearing are necessary to a consideration of the questions for determination. The petition, together with affidavit for service by publication and entry allowing such service and affidavit in attachment were filed and order of attachment and garnishment issued on November 27, 1940. No publication upon which service could be predicated is, found in the transcript but a precipe, "To mail marked copy of Daily Court Reporter of November 30, 1940, to defendant at his address, Rock Island Arsenal, Rock Island, Illinois", signed by counsel for plaintiff appears. We assume, although technically it is not established, that the publication in due form upon which service was to be predicated was carried in the Daily Court reporter under date, November 30, 1940.

On December 4, 1940, the order of attachment was returned, showing service on the Vandalia State Bank on the 27th day of November, 1940.

The action set forth in the petition is in quantum meruit for services consisting of general housework claimed to have been performed by plaintiff for the defendant. The affidavit for publication recites that the defendant is a resident at the Rock Island Arsenal, Rock Island, Illinois, not a resident of the State of Ohio; that service of summons can not be made on him in this State and that the action comes within the provision of §11292 GC, providing for service by publication. The affidavit in attachment recites the non-residence of defendant; that the property about to be attached is not exempt from execution, not the personal earnings of defendant for services rendered by him within three months prior to the commencement of the action and that the defendant has assigned, removed and disposed of and is about to assign, remove and dispose of his property, or part thereof, with intent to defraud his creditors, and that the claim is for manual work or labor.

On December 4, 1940, the defendant

moved to discharge the attachment upon five grounds.

(1) Writ of attachment was served on the garnishee before plaintiff's action was commenced.

(2) Order of attachment issued before any issuance of summons.

(3) Writ of attachment perfected before first date of publication on nonresident defendant.

(4) That defendant is not a resident of this state, and plaintiff's demand does not arise upon a contract, judgment or decree, as set forth in §11819 GC.

(5) Defendant is in military service on active duty.

This motion was sustained and it is from the order discharging the attachment that the appeal is prosecuted.

We have been favored by opinions of the Trial Judge who decided the motion upon the questions presented by the first three grounds thereof and counsel have briefed the appeal upon these grounds only. The journal entry, however, is general in terms and if it can not be determined from the subject-matter properly before us that the 4th and 5th grounds of the motion to discharge are not well taken, we could not reverse or remand, though we would find that the court erred in its determination respecting the first three grounds of the motion. We, therefore, consider the 4th and 5th grounds of the motion to discharge.

(4) That defendant is not a resident of this state, and plaintiff's demand does not arise upon a contract, judgment or decree, as set forth in §11819 GC.

Sec. 11819 GC provides that one of the grounds for attachment is that the defendant is not a resident of this state. Another ground is that defendant is about to remove his property, in whole or in part, out of the jurisdiction of the court, with the intent to defraud his creditors, and another ground is that the claim is for work and labor. Plaintiff's affidavit in attachment recites all three of these grounds for attachment. Sec. 11819 GC provides that,

"An attachment shall not be granted on the ground that the defendant is * * * not a resident of this state, for any claim other than a debt or demand arising upon contract, judgment or decree, * * *."

The nature of plaintiff's claim is not specifically set forth in the affidavit but must be determined from her petition.

The action, as before stated, is in quantum meruit a form of assumpsit and is on a quasi contract, implied in law and although not a true contract, we are satisfied that it would be classified as a contract within contemplation of that part of §11819 GC last quoted.

The 5th ground of the motion is that the defendant is in military service on active duty. The "General Relief" Section of the Soldiers' and Sailors' Civil Relief Act of 1940 is predicated upon default of appearance by the defendant, which did not occur in this case because he was represented by counsel. The act further vests discretion in the trial judge to vacate or stay any attachment as therein provided. The act did not in the situation here presented require the court to discharge the attachment on this ground of the motion.

We come, then, to consider the principal question in this case, namely, whether or not under the facts appearing the service of the writ of attachment was made on the garnishee before plaintiff's action was commenced.

It is the claim of the appellant that the action was commenced within contemplation of §11819 GC, when the petition was filed, affidavit for service for publication filed and order of attachment issued. It is the claim of appellee that it was essential to the commencement of the action that the petition be filed and that summons be is-

sued thereon. Appellant cites and relies upon Rorick v Devon Syndicate, 307 U. S. 299, 59 S. Ct. 877, and particularly branches 7 and 8 of the syllabus.

Appellee cites and comments upon **Bear v Old Tyme Distilleries, Inc.**, 22 Abs 338, Seibert v Switzer, 35 Oh St 661, Bacher v Shawhan, 41 Oh St 271, Rorick v Devon Syndicate, supra, §§11819 and 11279 GC.

The 7th and 8th syllabi of Rorick v Devon Syndicate, supra, are as follows:

"7. Under Ohio law an order of attachment issued prior to the filing of petition and issuance of summons is void, but an order of attachment issued after filing of petition and the issuance of summons but prior to commencement of service by publication is valid though personal service is not had.

8. Under Ohio law, where petition was filed, summons was issued, and affidavits in attachment and garnishment were filed on the same day, the attachments and garnishment were not premature or void because obtained prior to personal service or before commencement of service by publication."

It is only necessary to read the quoted syllabi to determine that they can not be determinative of our question for the reason that in the case to which they apply the petition was filed and summons was issued. In the instant case no summons issued.

A case directly in point is **Bear v Old Tyme Distilleries, Inc.**, supra., Franklin County Common Pleas Court, wherein it is held that, where a petition was filed, no summons issued, all prerequisites to service by publication observed but publication not made until after the order of attachment was issued, the order was invalid because the action was not commenced under §11230 GC until the first publication of the notice. The court cites as support for its judgment **Central Service Bank Company v Lagenbach**, 1 N. P. 124, wherein it is held that the issuance of summons is essential to the commence-

ment of an action and that no attachment can issue until the action is commenced. **Seibert v Switzer et, 35 Oh St 661** is also cited but in that case it appears that the petition had not been filed at the time that the order of attachment was issued.

It may be noted that §11230 GC is a part of the Statutes of Limitations Chapter and only has application to fix the date of the commencement of an action within the terms of these Statutes.

If it may be said that §11230 GC is in any wise helpful in the instant case to determine when plaintiff's action was commenced for the purposes of §11819 GC (attachment), it could not advantage plaintiff here because the service of the writ of attachment was completed before the date of the first publication for service.

**Sec. 11230 GC**, providing when an action shall be deemed to be commenced within the meaning of the Limitations of Actions chapter of the Code says,

"When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

Obviously, the quoted part of this section may not be given application until after service by publication is complete. This would be ineffective to determine whether or not, or when, an action is commenced within the language of §11819 GC. This latter section provides,

"In a civil action for the recovery of money, **at or after its commencement,** the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated: * * *"

It is our judgment that the emphasized part of this section relates to the commencement of an action under §11279 GC, which provides,

"A civil action must be commenced by filing in the office of the Clerk of

the proper court a petition, and causing a summons to be issued thereon."

The issuance of the summons is a clerical act and, of course, takes place before the service of the summons upon the defendant. It is this act of the Clerk in conjunction with the filing of the petition which completes the commencement of the action as ordinarily understood under §11279 GC. It has been stated that,

"Where actions are commenced by issuance of process, an action is commenced as of the time when the writ or a summons is properly issued, **with a bona fide intention that it be served,** although service is not actually had." (Emphasis ours).
1 C. J. S. 1397.

It would seem appropriate that the issuance of a summons should only answer the purposes of the statute, if done with intention that it be served. So that, in a situation such as is found in the instant case, the issuance of a summons would have been a vain and futile act for the obvious reason that the plaintiff knew at the time of the filing of her petition that the defendant could not be served with summons. If the statute be given literal interpretation, then, notwithstanding the knowledge of the plaintiff that a summons could not be served, she would be required to have it issued because the letter of the statute so required. Having done so, this act, though obviously not made in good faith, would constitute the commencement of her action. But the filing of her affidavit for service by publication in due form, without first the issuance of a summons would not constitute the commencement of her action. Such a holding seems contrary to the spirit and manifest purposes of §11279 GC.

It is held in **Smith v Whittlesey et, 19 O. C. C.,** that,

"If it is known when the petition is filed that the defendant is beyond the jurisdiction of the court, a summons need not be issued before service can be had upon such defendant by publication, and a party may file an affidavit with the petition in the first instance to obtain service by publication."

When the proper affidavit is filed for service by publication, the ordinary processes of the law are put into operation and the basis of service is as definitely established as though the Clerk had issued a summons for the defendant. The completed service, however, has no relation to the issuance of the summons.

We hold, that the authorization of service by publication upon the filing of affidavit for publication meeting the requirements of §11292 GC is equivalent to "causing a summons to be issued" upon a petition filed in a civil action, within the terms of §11279 GC, and, therefore, in the instant case a civil action for the recovery of money had been commenced by the plaintiff against the defendant under §11819 GC, at the time the order of attachment was issued and the writ served upon the garnishee.

We find no ground of the motion to discharge the attachment established and we consider no other or further grounds of infirmity.

The judgment of the court will, therefore, be reversed and cause remanded with instructions to overrule the motion of defendant to discharge the attachment.

GEIGER, PJ. and BARNES, J., concur.