**GREER et al, Plaintiffs, v. DAVIS et al, Defendants.**

Common Pleas Court, Trumbull County.

No. 54084. Decided April 16, 1947.

James E. Hoffman, Jr., Masury, for plaintiffs.
A. L. Carter, Youngstown, for defendants.

## OPINION

By BIRRELL, J.

In the justice of the peace court defendant filed a motion without entering his appearance objecting to the jurisdiction of the court for the reason that no bill of particulars or action of any kind had been commenced against him. The transcript and papers filed therewith indicate that an order of attach-ment had been issued under date of February 28th, 1947 upon an affidavit being filed which stated as ground for attachment—"that defendant is a non-resident of Trumbull county." In the bill of exceptions allowed by the justice of the peace the following statement is made: "Defendant's motion objected to the jurisdiction of the justice of the peace because there had not been any bill of particulars filed in connection with the affidavit for the order of attachment up to the time fixed for hearing on the order of attachment, March 14th 1947. The motion was overruled on the ground that in attachment before judgment where the defendant is a non-resident of the county, jurisdiction over him may be procured by filing an affidavit for an order of attachment and without filing a bill of particulars and issuing a summons on same, if property of the defendant is found in the township where the order of attachment is procured, and the property attached is served with the order of attachment." Since the foregoing statement of the justice of the peace indicates that in his opinion it was unnecessary to have either a bill of particulars or a summons before the order of attachment was issued, it must be apparent that the action of the court or its constable in levying attachment to which objection was made, was completed before any bill of particulars was filed, or any summons served, and that therefore the motion of the defendant objecting to the jurisdiction of the court was in reality a motion to discharge and set aside the attachment.

The statutes providing for attachment in justice of the peace court are contained in the chapter on commencement of actions. After attachment has been served provision is made

for a motion to discharge the attachment (§10259 GC) as follows: "Any party to the action affected by the order * * * refusing to discharge the order of attachment, may appeal to the court of common pleas * * * by giving notice to that effect to the justice, but no appeal bond shall be required." The transcript shows that notice of appeal was given and the bill of exceptions signed by the justice states: "I have signed the bill of exceptions to allow a higher court to rule on this dispute." The appeal was filed in the common pleas court March 28th, 1947. Neither §10259 nor 10260 GC provided any period of time wherein the appeal must be filed. Sec. 10260 GC provides "Upon such notice of appeal being given the justice shall forthwith transmit to the clerk of the court of common pleas all of the original papers."

Plaintiffs insist that the order of the justice of the peace overruling defendant's motion is not a final order, and therefore no appeal may be had thereon. Plaintiff cites §10382 GC, which is a portion of chapter (§10382-10398 GC) on appeals. This chapter provides for appeals from judgments of the justice of the peace and does not include the particular type of appeal which is provided for by §§10259-10260 GC above referred to. The parties are not required to wait until final judgment may be rendered before appealing from the order "refusing to discharge the order of attachment." This type of appeal is ancillary to the main proceedings:

**Rothman v. Seldin, 37 Oh Ap 408;** Nemit v. Vargo, 8 O. C. C. N. S. 97; **Doddridge v. Starks, 33 Abs 282.**

Neither is this particular type of appeal governed by the new appellate procedure act (§12223-1 to §12223-49 GC) wherein a final order is necessary before appeals may be had. **Sec. 12223-3 GC** provides "Every final order * * * may be reviewed as hereinafter provided unless otherwise provided by law * * *" which indicates that appeals under this chapter are permissible and not mandatory. Where no form of appeal is "otherwise provided by law," of course there is no other method for appellate procedure. The adoption of this appellate procedure act did not repeal §§10259-10260 GC. **Millikan v. Hostetler, 12 O. O. 428; Saslaw v. Weiss, 133 Oh St 496.**

Plaintiff's motion to dismiss the appeal is therefore **OVERRULED.**

Proceeding to determine the motion upon the record made in the transcript and the bill of exceptions from the justice of the peace court (under authority of the provisions of §10260 GC) the court calls attention to the statute;

"The plaintiff shall have an order of attachment against property of the defendant in a civil action before a justice

of the peace for the recovery or money before or after its commencement when there is filed in his office an affidavit * * * etc." **Sec. 10253 GC.**

Very clearly the statute states that attachment may be had "**before** or after" the commencement of the action in the justice of the peace court.

"Actions before justices of the peace are commenced by summons, or by appearance and agreement of the parties without summons." **Sec. 10233 GC.** "In all cases before a justice the plaintiff * * * shall file with such justice, a bill of the particulars of his demand." **Sec. 10303 GC.** Since §10253 **GC** authorizes an attachment "before" the commencement of the action,—unless there is some reason to interpret the wording of the statute otherwise—the mere fact that an order of attachment was issued before the commencement of the action is not ground for dismissal.

No citations have been furnished by counsel in this matter. A very careful search has not revealed a single case exactly in point. Recognition of the right to commence an attachment proceedings before the commencement of the action is expressed in the following cases:

Mawicke v Wolf, 2 W. S. B. 87; 7 O. Dec. Rep. 299, 476; Wehlen v. Macke, 9 O. Dec. Rep. 565, Aff'd by Sup. Ct. 10-29-1889; **Caper v. Richards, 13 Oh St 219, 223.**

**Sec. 10255 GC** provides "the order of attachment may be made to accompany the summons or at any time before attachment." It will be noted that this requirement uses the term "may" and does not use the term "must." **Sec. 10256 GC** provides: "The return day of the order when issued at the commencement of the action shall be the same as that of the summons. When issued afterward it must be executed and returned forthwith." This requirement is not exclusive. **Sec. 10262 GC** provides: "If the order of attachment is made to accompany the summons, a copy of it and the summons shall be served upon the defendant in the manner for the service of a summons if this can be done within the country." And §10261 GC further states: "When property of the defendant has been taken upon the order of attachment and it appears that the summons issued in an action has not been and could not be served on the defendant in the county * * * the justice shall continue the cause * * * etc. The plaintiff thereupon shall cause the order of attachment to be addressed and delivered to the defendant * * * etc. Neither of these sections are exclusive. There is no specific requirement in the statutes relating to attachment which necessitates the

issuing of summons at the time of the issuing of the order of attachment so long as the proceedings are prosecuted in justice of the peace court.

In common pleas court however a different rule prevails. Sec. 11819 GC provides the following: "In a civil action for the recovery of money at or after its commencement the plaintiff may have an attachment against the property of the defendant * * * etc * * *". And in common pleas court an attachment issued before the filing of the petition is void:

Seibert v. Switzer, 35 Oh St 661; Citizens National Bank v. Central Life Ins Co, 12 C. C. N. S. 401; Savings Bank v. Langenbach, 1 O N. P. 124, 1 O. D. N. P. 182; Shaffer v. Shaffer, 35 Abs 441.

Why a different rule should prevail in common pleas court than prevails in justice of the peace court is both surprising and interesting, and raises the question whether the discrepancy in the wording of the statutes was an oversight of the Legislature or whether it was intentionally so enacted. The first attachment law in the State of Ohio was adopted to take effect Oct. 1st, 1795 (Chase Statutes p. 197. Vol. 3 Laws N. W. Territory pp. 22, 25, 197). It permitted "writs to be issued out of the general court or in circuit court or court of common pleas (p. 197)", provided for attachments in justice courts (pp. 22, 25) and treated attachments as proceedings in themselves without requiring any petition or other proceedings to be filed. Various changes, amendments and additions were made to the attachment laws but without mention that other proceedings were necessary. (See references quoted at Revised Statutes of Ohio, Swan and Critchfield, Vol. 2 p. 1002.) This situation was not changed by the act which took effect June 1st, 1824 (22 O. L. 151; Swans Statutes of the State of Ohio 1841 p. 80). Under these statutes the decision in the case of Paine v. Mooreland, 15 O. 435, determines that the attachment proceedings is a proceedings in rem. And the court says at p. 444, "The process in attachment is the writ authorizing and directing seizure of the property. No process is issued against the person because the proceeding is in rem. The statute however regards it but just that notice should be given to the debtor, not for the purpose of giving the Court jurisdiction over the subject matter, but to permit the debtor to have an opportunity to protect his rights." In the case of Peltons v. Platner, 13 O. 209 at p. 218, the court says; "In Ohio we are of the opinion that a judgment before a justice of the peace against property, and no service on the person, appropriates the property only."

The Constitution of 1852 directed the General Assembly to provide for the creation of a commission which "shall revise, reform, simplify and abridge the practice, pleadings,

forms and proceedings of the courts of record in this state; and as far as practicable and expedient shall provide for the abolition of the distinct forms of action at law now in use and for the administration of justice by a uniform mode of proceedings without reference to any distinction between law and equity." Art. XIV Sec. 2. This was done by an Act passed March 4, 1852. 50 O. L. 115. As a consequence thereof the General Assembly enacted, on March 11th, 1853 the Code of Civil procedure (51 O. L. p. 57 et seq) wherein Sec. 191 of Chapter III of Title 5, sub-division 1, provides for attachment in common pleas court as follows: "The plaintiff in a civil action for the recovery of money may at or after the commencement thereof have an attachment against the property of the defendant * * * etc." Three days later (March 14th 1853) the same General Assembly adopted an Act providing "The jurisdiction and procedure before justice of the peace" (51 O. L. 179). At Sec. 28 of Article 2 (p. 185) it was enacted: "The plaintiff shall have an order of attachment against the property of the defendant in a civil action before a justice of the peace for the recovery of money before or after the commencement thereof when there is filed * * * an affidavit * * *" etc. Evidently the General Assembly intended to provide a different procedure in the justice of the peace court than that provided in the common pleas court, and the difference in wording of the statutes was no mistake.

Swans Treatise, Centennial Edition, in Chapter 37 on "Attachments", Sec. 1. p. 392. states "if an order of attachment is demanded before an action is brought a summons must be issued and must accompany the order of attachment whether the defendant is a resident or nonresident * * *" etc. No citations of authority are given for this statement. Doubtless countless generations of justices of the peace have observed this statement as authority. I have the greatest respect for the opinions of Joseph Rockwell Swan, an honored judge of our Supreme Court, and a distinguished authority upon many subjects in addition to his monumental work on practice in justice courts. Because my determination of this present case is contrary to the above quoted passage I have spent much more time and research than would ordinarily have been devoted to this comparatively minor question. It appears that the statutes and the authority of the courts is directly contrary to Swan's suggested requirement that the summons must accompany the order of attachment. I have not had the facilities for examining the earlier copies of the Treatise and it may be possible that the sentence contained in the Centennial Edition is not in accordance with the original statement of Judge Swan.

Since the objection contained in the motion of the defendant was directed solely to the failure of the justice of the peace to commence an action by the filing of a bill of particulars and issuing of summons at the time of the issuing of the order of attachment, the motion is **OVERRULED,** and this cause is remanded to the justice of the peace court for further proceedings according to law.

The transcript states that the Justice, Merle O Snyder, "wanted to allow **plaintiff** the privilege to amend his case **by filing said bill of particulars,**" and that "defendants' counsel * * * said that it would not be necessary to serve the defendants as they would make their appearance." It would therefore appear that reasonable diligence was used in the lower court to secure the filing of the bill of particulars and presumably the issuing of summons required thereon in order that the squire might proceed to try out the claim of the plaintiff.

No personal judgment could be rendered against the defendant without the filing of a bill of particulars and securing his appearance either by summons or voluntary entry of appearance under §10233 GC. Sec. 10263 GC regulates the procedure if summons has not been served, and a judgment rendered after notice as provided in that section could only affect the property attached. Leonard v. Lederer, 8 O. D. N. P. 711. At the date of this appeal the case had not proceeded to the time such matters had been determined and this remark is merely an observation for the guidance of the justice when the case is remanded.