COVER, APPELLANT, *v.* HILDEBRAN, EXRX., ET AL., APPELLEES.

(No. 746—Decided March 1, 1957.)

*Messrs. Andrews & Berridge* and *Mr. Paul A. Baden,* for appellant.

*Mr. Floyd D. Smith* and *Mr. Howard G. Eley,* for appellees.

CRAWFORD, J. This is an appeal on questions of law from an order of the Court of Common Pleas sustaining a motion to dismiss an action contesting the will of Bertha Billingsley, deceased. The motion contained two grounds, both of which were sustained: (1) That all necessary parties were not joined in

the action, and, (2) that the action was not commenced within the time prescribed by statute. Upon this two-fold ruling plaintiff-appellant bases her two assignments of error. The ruling sustaining the second ground of the motion is made the first assignment of error.

The petition to contest the will was filed on July 25, 1956, by plaintiff as an heir at law. It alleges that Bertha Billingsley died on January 14, 1956, and that her purported will was admitted to probate on January 25, 1956. Joined as defendants are Mary Hildebran, as executrix, and twelve persons (including Mary Hildebran individually) who are designated both as heirs at law and as legatees and devisees who, with plaintiff, are alleged to constitute the only heirs at law. Also joined as defendants are Joseph Billingsley, Richard Billingsley, and The Highland Cemetery, designated as the only other legatees and devisees.

Filed on the same day as the petition, on July 25, 1956, were affidavit and order for service by publication on the legatees and devisees, Joseph and Richard Billingsley, of Lydonville, New York. The first publication was made on July 26, 1956, and publication was duly completed, according to the proof contained in the record. However, there is no indication of mailing of notice to such defendants as required by Section 2703.16, Revised Code.

Also on July 25, 1956, praecipe was filed and summons issued for the other thirteen defendants. All these were served with summons on July 26, 1956, except Marabelle Rudy, who was not found, and Glen Brandon, as to whom the sheriff made no return. The Highland Cemetery was duly served on July 26th.

The first assignment of error is that the court erred in finding that the action was not commenced within the time prescribed by Section 2741.09, Revised Code. That section reads:

"An action to contest a will or codicil shall be brought within six months after it has been admitted to probate, but persons under any legal disability may bring such action within six months after such disability is removed. The rights saved to persons under disability shall not be effective as against a bona fide purchaser for value, a fiduciary who has

acted in good faith, or a person delivering or transferring property under authority of a will to an appointed fiduciary or to any other person.''

The terms ''brought'' and ''commenced'' are synonymous; *Landrum* v. *Fulton, Supt. of Banks,* 47 Ohio App., 376, 191 N. E., 917.

Section 2305.17, Revised Code, which is generally applied in connection with Section 2741.09, Revised Code, reads as follows:

''An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Section 1307.08 of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

''Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days.''

Defendants contend that the legatees and devisees, Joseph and Richard Billingsley, did not receive timely and proper service, and that, therefore, the action fails.

That the Highland Cemetery and Joseph and Richard Billingsley, all being legatees and devisees, are united in interest so as to render service upon the cemetery adequate to constitute commencement of the action as to the class, there can be no serious doubt. There is nothing in the status of a trustee to prevent it from being also a legatee in its trust capacity.

The definition of the term ''united in interest'' contained in *McCord* v. *McCord,* 104 Ohio St., 274, at page 279, 135 N. E., 548, is broad enough to include all such legatees in one class. And in practice they have heretofore been so treated. *Wilhelm* v. *Landt,* 74 Ohio Law Abs., 180, 136 N. E. (2d), 741; *Lehman* v. *Bachelor,* 14 Ohio Supp., 20.

It was suggested in argument that the cemetery might or might not accept the legacy, with the very reasonable conditions attached. The fact remains that it has not renounced the

legacy and remains a legatee and therefore united in interest with the other legatees.

Defendants contend that Section 2305.17, Revised Code, is not applicable in an action to contest a will, and cite in support the case of *Sours* v. *Shuler*, 42 Ohio App., 393, 181 N. E., 908. This contention, although occasionally made, is at complete variance with the long established practice of the Supreme Court, and of most other courts in this state. In the case of *Gravier* v. *Gluth, Exrx.* (1955), 163 Ohio St., 232, 126 N. E. (2d), 332, the section was applied to such an action, and Judge Matthias, speaking for the entire court, said that, "this court has repeatedly applied Section 11230, General Code [Section 2305.17, Revised Code] to will contest cases * * *."

The doubts sometimes expressed as to the applicability of this section to will contest cases are apparently based upon the words "within the meaning of Sections 2305.03 to 2305.22, inclusive, and Section 1307.08 of the Revised Code." In the General Code this portion of the section (11230, General Code) had read: "Within the meaning of this chapter, * * *," the chapter (2) being entitled "Limitations of Actions." The meaning of the section can not be changed by the recodification. Section 1.24, Revised Code.

Judge Mack of the Hamilton County Court of Common Pleas, in the case of *Wechsler* v. *Shelander*, 14 Ohio Supp., 58, traces the history of this section and points out that the word "title" was contained in the Revised Statutes instead of "chapter," and that in the General Code the section was placed near the beginning of Title IV of Part Third, entitled "Procedure in Common Pleas Court," under the subject "General Provisions," and concludes:

"Whether the word is 'title' or 'chapter,' the Civil Code provision, Revised Statutes 1880, Section 4987, and General Code, Section 11230, all place the provision in question under a title 'Time of commencing Civil Actions' and a heading 'General Provisions.' It seems to this court, therefore, that General Code, Section 11230, is a general provision applicable to all actions embraced in what is now Part Third of the General Code, Title IV, which includes all matters embraced in 'Procedure in Common Pleas Court,' including actions 'To Contest Will.' "

Any discussion of Section 11230, General Code necessarily pertains also to the accompanying and explanatory Section 11231, General Code. Both are now contained in Section 2305.17, Revised Code.

It is sometimes observed that Section 2741.09, Revised Code, is to be distinguished from a mere statute of limitation barring enforcement of a right, being a limitation upon the right itself, effecting its extinguishment at the end of the period. However, regardless of the consequences, it is still based upon a time limitation, and the identical question is presented in both situations, viz., when is the action commenced?

It is interesting to note that the same section (2305.17, Revised Code) has been applied "by analogy" in various cases where a time limitation has been enacted but not specifically explained or defined, such as former proceedings in error. *Robinson* v. *Orr*, 16 Ohio St., 284; *Ross, Sheriff*, v. *Willet*, 54 Ohio St., 150, 42 N. E., 697; *Baltimore & Ohio Rd. Co.* v. *Ambach*, 55 Ohio St., 553, 45 N. E., 719; *McLarren* v. *Myers, Admr.*, 87 Ohio St., 88, 100 N. E., 121.

In the case of *Ross* v. *Willet* just cited, the court explained the philosophy behind such application (page 152) thus:

"And, though section 20 (Sections 4987, 4988), is express-ly limited in its provisions to original actions, yet, as a proceeding in error is commenced by the issuing and service of summons, as in the commencement of an original action, it is said, that 'no good reason is perceived for adopting a different rule' in error cases, from that prescribed by the section for determining when an action shall be deemed commenced. And upon the same reasoning it would seem that, if an attempt to commence an action, under the conditions mentioned in Section 4988, is to be deemed equivalent to its commencement in one class of cases, it should also be in the other. The rule established in so holding is certain and of easy application."

In any event, the compelling fact remains that Section 2305.17, Revised Code, has been long and consistently applied and is still applied to will contests by the Supreme Court, as we have seen in the recent case of *Gravier* v. *Gluth, supra*.

Let us suppose, however, that this section did not apply. We should then be relegated to Section 2703.01, Revised Code,

which is quite general, making no reference to other sections, and which reads:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

This provision is often easier and simpler for a plaintiff to follow than is Section 2305.17, Revised Code. As observed by Judge Ross in *Coughlin* v. *Passionist Monastery of Holy Cross*. 59 Ohio App., 433, 18 N. E. (2d), 496:

"If this were a matter of first impression, we might be inclined to hold that the filing of a praecipe would represent the full extent of the party's diligence within the meaning of the general statute applicable, Section 11279, General Code [Section 2703.01, Revised Code], * * *."

This court has heretofore held that the authorization of service by publication, upon the filing of affidavit for publication, is equivalent to "causing a summons to be issued." *Shaffer* v. *Shaffer*, 69 Ohio App., 447, 42 N. E. (2d), 176 (involving attachment).

Hence if we were to be guided by Section 2703.01, Revised Code, we should be compelled to conclude that the action was begun on July 25th, not only as to all for whom summons was then issued, but also as to the legatees and devisees, Joseph and Richard Billingsley, upon whom service by publication was that day authorized. It is our conclusion, therefore, that whether we apply Section 2305.17, Revised Code, or Section 2703.01, Revised Code, the action was brought within the statutory period prescribed by Section 2741.09, Revised Code.

The second assignment of error is based upon the finding that the plaintiff failed to join all defendants required by Section 2741.02, Revised Code, which reads:

"All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code."

Defendants' motion to dismiss which was duly verified, asserted that Joanna Billingsley was a legatee and devisee, and that Mabel Brinkman was the widow and an heir at law of

James M. Brinkman, who in turn was one of the heirs at law of Bertha Billingsley and died intestate on May 19, 1956. Neither of these persons was made a party to the action. The case of *Gravier* v. *Gluth, Exrx., supra* (163 Ohio St., 232), is cited by appellees in support of this branch of the motion.

The determining facts and ultimate decision of the Supreme Court in that case are contained in paragraph three of the syllabus which reads as follows:

"Where, in an action to contest a will brought by three heirs at law of the decedent, the petition names as defendants the sole legatee and devisee, the executrix and three other heirs at law but fails to name numerous other heirs at law necessary to the determination of the validity of the will, and no service of process is sought or secured on any of the defendant heirs within six months after the will has been admitted to probate, the addition as plaintiffs of the heirs at law, who are not included in the petition, and the defendant heirs at law, who are not served with summons to the action, after the expiration of the statutory period of limitation, does not confer jurisdiction on the court to hear such contest. (*Case* v. *Smith, Admx.*, 142 Ohio St., 95, and *Peters* v. *Moore*, 154 Ohio St., 177, approved and followed.)"

No service of process upon any heir at law was even "sought" in that case. That is to say, no summons for any such heir was ever issued. Hence, even under the provisions of Section 2305.17, Revised Code, which the court expressly applied, the action was never begun as to any of this group, and for that reason the action necessarily failed. Therefore, that case is not determinative of our present question.

In the instant case one or more defendants of the same class and united in interest with each of these omitted parties having been duly served with summons issued within the statutory period and served the next day, the action must be deemed to have been brought in time under Section 2305.17, Revised Code, and consequently will not fail for the original omission of such parties.

As to whether, if Section 2305.17, Revised Code, were not applied and Section 2703.01 were held to govern, plaintiff would be required at her peril to join all interested parties (as dis-

tinguished from classes) in her original petition and have summons immediately issued as to all individually, may, conceivably be an open question. Suffice it to say that in our search no such rigid rule has ever been applied. Nor can we conceive of its being applied.

It has been said that an action to contest a will is essentially an action in rem. 41 Ohio Jurisprudence, 445, Wills, Section 290. If such an action is actually begun according to the provisions of Section 2703.01, Revised Code, so as to give the court jurisdiction of the subject matter, there is no specific limitation contained in either Section 2305.17 or Section 2703.01, Revised Code, as to when the last interested individual party shall be brought in.

Plaintiff being entitled to prevail on both assignments of error, the action of the Court of Common Pleas in sustaining the motion to dismiss is reversed and the cause remanded for further proceedings.

*Judgment reversed.*

HORNBECK, P. J., and WISEMAN, J., concur.