In Special Term—Spencer, J. presiding.

CHARLES BLACKWELL *v.* JAMES MONTGOMERY & WILSON BATES.

In an action in Superior Court of Cincinnati, it is not good cause of demurrer, that the petition sets forth only that it is in the "Superior Court of Cincinnati," without stating the county.

Nor, that petition does not contain the names of the parties, plaintiff and defendant, in the caption.

Nor, that such names are not followed by the word "petition."

Nor, because certain averments in petition are irrelevant, or in violation of the statute of frauds.

The proper remedy is, to move to dismiss the petition, or strike out what is irrelevant.

In an action against endorser of a promissory note, the petition must set forth that he had due notice that demand had been made for payment from the maker, and that it had been by him dishonored.

On demurrer to petition.

Five causes of demurrer are assigned by Montgomery, one of the defendants:

1. That petition does not set forth the name of the county in which suit is brought—it is entitled simply "Superior Court of Cincinnati."

2. That it does not contain the names of the parties, plaintiff and defendants, in the caption.

3. That such names are not followed by the word "petition."

4. That a legal petition is not filed according to Code.

5. That defendant is not bound to answer certain averments of the petition, because they are "*irrelevant*," and "in violation of the statute of fraud."

If the petition were in truth liable to the objection stated, it could not be taken advantage of by demurrer. The proper remedy would have been by motion to dismiss the petition, or strike out the irrelevant matter. It needs but a statement of the causes of demurrer allowed by the Code, to perceive at once, that neither of the above alleged causes falls within it.

1. Want of jurisdiction over person, or subject matter.

2. Legal incapacity of plaintiff to sue.

3. Pendency of another action.

4. Defect of parties.

5. Misjoinder of causes of action.

6. Failure to state facts sufficient to constitute a cause of action. See Code, Sec. 87.

The objections are not well founded, *in fact*, even if they had been presented in the proper mode. The petition is substantially in accordance with the requisitions of the Code, and the defendants could be in no wise prejudiced by the omissions complained of. The demurrer is

considered *frivolous*, and will therefore be overruled, and judgment given for the plaintiff, as prayed for in the petition, against Montgomery.

As to the other defendant, Bates, judgment is claimed against him, as endorser upon a note given by Montgomry. The petition does not contain a sufficient statement of facts to charge him. It does not aver that he had due notice of the demand of payment of the note from the maker, and of its dishonor by him.

Before judgment can be rendered against him, the declaration must be made good by amendment—as to which leave is granted.