Morisse, Appellant, *v.* Billau et al., Appellees.

(No. 3764—Decided March 17, 1941.)

*Messrs. Deeds & Zeigin,* for appellant.
*Messrs. Brady & Gallagher,* for appellee, Julia Billau.

Lloyd, J.  Bernard F. Morisse, a resident of Sylvania, died testate on September 25, 1939.  His will, executed on May 10, 1935, was admitted to probate on October 30, 1939, Julia Billau, as requested therein, being appointed executrix thereof.  Thereafter on February 13, 1940, John M. Morisse and Walter Willinger, brother and nephew respectively of the decedent, filed a petition in the Court of Common Pleas to contest the will.  All of those, who, in addition to the plaintiffs, are stated in the petition to be the heirs at law of the decedent, among whom is Julia Billau, are

named as defendants in the caption; and although the name of Julia Billau does not appear therein as executrix of the will, it is stated in the petition that "upon application, letters testamentary were issued to the defendant Julia Billau thereon." It is also alleged in the petition that by the provisions of the will "the said Julia Billau is named as legatee and devisee therein and no other person is so named."

On November 28, 1940, Julia Billau "as legatee and devisee of the will of Bernard F. Morisse" filed a demurrer to the petition of the plaintiff upon the statutory grounds numbered 6 and 9 in Section 11309, General Code:

1. That there is a defect of parties defendant.

2. That the action was not brought within the time limited for the commencement of such action.

Section 11309, General Code, provides that a "defendant may demur to the petition only when it appears on its face" that one of the therein enumerated reasons therefor is applicable.

On the same day, she filed a motion to dismiss the petition for the reason that:

1. No service of summons has been issued or served upon the necessary statutory defendants within the time required by statute, to wit, six months.

2. That plaintiff's cause of action to contest the will has not been commenced within the statutory time, to wit, six months.

No action was taken on the motion, but on January 8, 1941, the demurrer was sustained and the petition dismissed. The plaintiffs appeal on questions of law from the order and judgment so entered by the Court of Common Pleas.

The questions of law presented to this court are thus stated in the brief of counsel for the demurrant, Julia Billau:

1. Was it necessary to name Julia Billau, executrix of the last will and testament of Bernard F. Morisse, deceased, a party defendant in the action to contest this will?

2. Does the failure to name Julia Billau as executrix of the last will and testament of Bernard F. Morisse, deceased, as party defendant, bar this action?

Counsel for Julia Billau contend "that she as devisee and legatee is not one and the same person as the executrix" and that therefore, since by virtue of Section 12080, General Code, enacted in 75 Ohio Laws, 781, Section 2, she must be made a party defendant as executrix in addition to being named as such individually "there is a defect of parties defendant" and as a consequence it is now too late to make her, as executrix, a party to the action because the six months after its admission to probate within which, as provided in Section 12087, General Code, an action can be brought to contest a will, have expired.

The petition, not the caption, determines the parties necessary to the prosecution of an action. *Blackwell* v. *Montgomery,* 1 Handy, 40, 12 Dec. Rep., 16; *Paola Town Co.* v. *Krutz,* 22 Kan., 725, 729. *State, ex rel. City of Muncie,* v. *L. E. & W. Rd. Co.,* 83 F., 284, 285. It does not appear on the face of the petition from any facts alleged therein that all of the devisees, legatees and heirs at law of the decedent are not named therein as defendants, or that Julia Billau is not sued both as executrix and as a devisee and legatee under the will of the decedent, nor does it appear from the petition that all of those so named therein were not duly and properly served with process. It would seem, therefore, that because of the allegations of the petition to which attention has hereinbefore been directed, that so far as affected by the demurrer, Julia Billau has

been named in the petition both as executrix and as devisee and legatee under the will and that if, in fact, she has not been named in the caption as executrix, nor served as such with summons, that still may be done. *Bradford* v. *Andrews,* 20 Ohio St., 208, 5 Am. Rep., 645.

Assuming the facts to be as claimed by counsel for Julia Billau, both of the questions propounded by them are answered by the syllabus and opinion of the Supreme Court in *Draher* v. *Walters,* 130 Ohio St., 92, 196 N. E., 884. The syllabus therein reads:

"Service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, and also the executor. Actual service of summons can thereafter be made upon the remainder of the defendants of that class."

Section 12087, General Code, amended several times prior to its enactment in its present form, does not differ materially from Section 10504-32, General Code, as quoted in the opinion of the Supreme Court, in so far as it is applicable to the instant case, nor from Section 19 of the original act passed by the General Assembly on May 3, 1852, and found in 50 Ohio Laws, 300, Section 19, and in Vol. II Revised Statutes of Ohio, Swan & Critchfield, page 1618, Section XIX, nor has the phraseology of Section 11230, General Code, been changed since its enactment in March 1853.

The Supreme Court of Indiana, in which state there is a statute similar in substance to Section 12087, General Code, is in accord with the view taken by our Supreme Court. *Floyd* v. *Floyd,* 90 Ind., 130; *Faylor* v. *Fehler,* 181 Ind., 441, 450, 104 N. E., 22.

The judgment of the Court of Common Pleas is re-

versed and the cause remanded thereto with directions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and CARPENTER, JJ., concur.