BOCKERT, APPELLANT, *v.* BOCKERT, APPELLEE.

(No. 193—Decided May 10, 1945.)

*Mr. Ray W. Davis,* for appellant.
*Mr. Tom A. Renick,* for appellee.

METCALF, P. J. On March 17, 1944, the last will and testament of Wallace Bockert, deceased, was admitted to probate in the Probate Court, Pickaway county, Ohio. This will named as executor and sole legatee and devisee a brother of the decedent, Gordon Bockert, the defendant, appellee herein.

On March 31, 1944, Harry Bockert, plaintiff, appellant herein, a brother of the decedent and of the defendant, filed in the Common Pleas Court of Pickaway county, Ohio, a petition contesting the validity of this last will and testament, and, at the time the petition was filed, a praecipe was left for service upon Gordon Bockert. On April 14, 1944, the return of the sheriff was filed showing service on Gordon Bockert as devisee-legatee.

On September 30, 1944, a motion was filed on behalf of Gordon Bockert asking that the petition be dismissed for the following reasons:

"1. The duly qualified, appointed, and acting executor of the estate of Wallace Bockert, deceased, has not, as required by statute, been made a party to this action within the time required by statute, to wit, six months.

"2. No praecipe for the issuance of summons for service on the executor of the estate of Wallace Bockert, deceased, has ever been filed with the clerk of this court by the plaintiff herein, nor has any summons been issued or service of summons had on said executor within the time required by statute, to wit, six months.

"3. The plaintiff's cause of action to contest the will has not been commenced within the statutory time, to wit, six months."

While the motion was pending and the court was deciding the same, counsel for plaintiff left a praecipe for service of summons on Gordon Bockert as executor and return has been made showing service on October 9, 1944, on him as executor.

This appeal on questions of law is from the order and judgment of the Court of Common Pleas in sustaining the motion of the defendant and dismissing the petition of plaintiff.

The defendant, Gordon Bockert, is not named as executor in the caption of the petition, but the body of the petition does contain these significant allegations: "Letters testamentary thereon were issued by said court to the defendant, Gordon Bockert, as sole executor thereof, who thereupon qualified," and "By the terms of said paper writing, the defendant, Gordon Bockert, was named as the sole devisee and legatee of said Wallace Bockert." The petition alleges also that the plaintiff and defendant are the only heirs at law.

Section 12080, General Code, reads:

"All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

Section 12087, General Code, provides that an action to contest a will or codicil shall be brought within six months after it has been admitted to probate.

Section 10504-32, General Code, provides that if no contest be made within six months, the probate shall be forever binding except as to certain conditions therein set forth.

The questions here for solution may be summarized as follows: Does the fact that the executor is not included in the caption of the petition as such executor but individually as sole devisee and legatee and one of the heirs at law, where the petition shows that such devisee and legatee was appointed as executor, contravene Section 12080, General Code? And further, if service of summons is not made upon such executor during the six months prescribed by Section 12087, General Code, may the same be made after the expiration of the six-month period? These questions are not new in Ohio. One of the early cases, that of *Bradford* v. *Andrews*, 20 Ohio St., 208, 5 Am. Rep., 645,

held that where a petition for such a contest is filed within the statutory period of limitation, although only a part of the parties interested are made parties thereto, the right of action is saved as to all who are ultimately made parties notwithstanding some of them are not brought into the case until after the period of limitation has expired.

The Supreme Court in the case of *McCord* v. *McCord,* 104 Ohio St., 274, 135 N. E., 548, which case is relied upon by defendant in the instant case, discusses the question of the limitation of action in reference to will contests wherein service of summons was had upon the executor only and not upon the devisee-legatee and heirs of the testator. The court referred to Section 11230, General Code, which, in effect, provides that an action shall be deemed to be commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is *united in interest* with him. And although the court stated that the executor was a necessary party, it was pointed out that he would not be united in interest with the other defendants, the heirs, legatees and devisees. It was, therefore, held that the service of summons on the executor did not toll the statute of limitation as to the devisee-legatee and heirs of the testator for the reason that they were not united in interest with the executor.

The Supreme Court again considered the question in the case of *Draher* v. *Walters,* 130 Ohio St., 92, 196 N. E., 884, and it would seem that since the decision in that case there should be no further difficulty with the question presented in the instant case. However, there seems to be a varied application of the rules laid down in the *Draher* case. In the *Draher* case the testator's will was admitted to probate on January 21, 1933. One of the defendants, a legatee-devisee, was served

on May 5, 1933, and the return thereof was made on May 8, 1933. The codefendants, also legatees, were not served until approximately nine months after the will was admitted to probate.

The defendants filed a motion for the dismissal of plaintiff's petition on the ground that service was made on only one of the defendants within the time set by statute for the commencing of an action to contest the will. This motion was sustained by the trial court and the petition was dismissed, which judgment was affirmed by the Court of Appeals. The Supreme Court reversed the judgment. The syllabus reads:

"Service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, *and also the executor*. Actual service of summons can thereafter be made upon the remainder of the defendants of that class." (Emphasis ours.)

The court, in the body of the opinion, reasoned as follows:

"Section 11230, General Code, provides: 'An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. * * *'

"In construing Section 11230, General Code, every reasonable presumption will be indulged and every doubt will be resolved in favor of affording rather than denying a plaintiff his day in court. The key words in that statute are 'united in interest.' Wherever possible, these will be construed liberally in order that the right to sue may be maintained rather than denied.

"Accordingly we hold that in an action to contest the validity of a will, the legatee-devisee defendants are so united in interest as to render service of summons upon any one of them within the time set by statute sufficient to constitute commencement of the action against all of them, thereby giving the court jurisdiction over the entire estate; for when the court obtains jurisdiction over an estate it does so in its entirety and not in fractions. *Bradford* v. *Andrews,* 20 Ohio St., 208, 5 Am. Rep., 645. In such case the court acquires jurisdiction not only over the *rem* but also over all those who have, or claim to have, an interest therein, and the right of action is saved as to all who are ultimately served, *including the executor,* notwithstanding the fact that the rest of such defendants are served after the expiration of the period of limitation." (Emphasis ours.)

The Court of Appeals of the Sixth Appellate District, in a case decided on March 17, 1941, *Morisse* v. *Billau,* 70 Ohio App., 215, 45 N. E. (2d), 798, a case squarely in point with the instant case, it seems to us, answered the questions with which we are concerned in the syllabus as follows:

"1. The petition, not the caption thereto, determines the parties necessary to the prosecution of an action, and the fact that an executrix-devisee is named in the caption of an action to contest a will merely as a devisee is not fatal under Section 12080, General Code, where the petition shows that such devisee was appointed as executrix.

"2. Service of summons upon one of the devisees under a will in an action to contest the will constitutes a commencement of such action as to each of the devisees and the executrix, and actual service of summons upon the remainder of such devisees and the executrix may be made after the period of limitation

for the commencement of such an action has expired.''

Counsel for defendant, in his brief, cites the case of *Willis* v. *Willis,* decided by the Fifth District Court of Appeals (unreported) but being number 29358 on the docket of the Supreme Court where a motion to certify was overruled. The facts in that case were somewhat similar to those in the case at bar in that there was but one legatee and devisee and this person was named executor. He was not carried in the caption of the petition to contest the will as executor but it was alleged in the body of the petition as in the instant case that letters testamentary had been issued to him. However, in that case no attempt was made to serve the executor until after trial where the jury set aside the will. Then for the first time the question was raised that the executor had not been made a party defendant and that therefore the court was without jurisdiction. The appellate court stated in its opinion that the *Draher case* did not overrule the *McCord case,* and with that conclusion we are in complete agreement. But that court seeks to distinguish the *Draher case* in that all necessary parties had been made party defendant in the caption of the petition and a praecipe issued for ''service on all parties defendant.'' The clerk mistakingly issued for only one defendant legatee-devisee. Therefore, the appellate court in the *Willis case* places the decision of the Supreme Court in the *Draher case* upon the dereliction of duty of the clerk of courts. We do not so find that the Supreme Court in any way decided the issue in the *Draher case* on such a premise. It was decided squarely upon the principle that service of one ''united in interest'' in the legatee-devisee class is deemed a commencement of the action as to each of the defendants of that class as well as the executor. For the executor, the shadow follows the legatee-devisee class, the substance.

It is true that there are three strong dissenting opinions in the *Draher case* but we do not find that either the majority or minority of the Supreme Court based their respective conclusions upon any dereliction of duty of the clerk of courts. The majority opinion, which we are bound to follow, is of sufficient importance in view of defendant's reliance upon the *McCord* and *Willis cases* for us to sacrifice sufficient space to further quote from page 96 thereof:

"This principle is not contrary to that laid down in the case of *McCord* v. *McCord,* 104 Ohio St., 274, 135 N. E., 548. In that case this court held that the members of the legatee-devisee class are not so united in interest with the executor as to render service upon the executor sufficient to constitute commencement of action against them. In effect it holds that you cannot move the substance by attempting to move the shadow. This court does not therein hold that an action would not be deemed commenced if service were had on a defendant who is a member of the legatee-devisee class, that question not having been before this court in that case and therefore not there decided. Consequently, the *McCord case* is not authority for the instant case.

"The instant case decides that service upon one of the legatee-devisee class binds, as to the commencement of the action, not alone the entire legatee-devisee class, *but binds also the executor,* for the reason that the shadow follows the substance." (Emphasis ours.)

We think the court in the *Willis case* failed to recognize this distinction.

It is our conclusion that the failure to set forth in the caption of the petition the name of the executor is not fatal because the petition herein shows that Gordon Bockert was not only the sole devisee-legatee and an heir at law, but was appointed as executor;

that service of summons upon Gordon Bockert as one of the legatee-devisee class, within the six-month limitation, constituted a commencement of the action to contest the will in the instant case; that the actual service of summons upon Gordon Bockert as executor made after the period of limitation of six months is good; and that the motion herein should therefore have been overruled.

The judgment of the Court of Common Pleas is reversed and the cause remanded thereto with the direction to overrule the motion and for further proceedings according to law.

*Judgment reversed and cause remanded.*

GILLEN and McCURDY, JJ., concur.