180

**WILHELM, Plaintiff, v. LANDT et, Defendants.**

Common Pleas Court, Hamilton County.

No. A-147696.   Decided December 7, 1955.

John J. Rivers, for plaintiff.
Augustus Beall, Jr., for defendants.

## OPINION

By HOY, J.:

This cause is before the Court on the motion of the plaintiff to make The Fifth Third Union Trust Company of Cincinnati, Ohio, as trustee under an agreement dated January 6, 1949 by and between the said The Fifth Third Union Trust Company and Harry Landt, a new party defendant and also upon the motion of the defendants to dismiss the action upon the following facts:

The action is one to contest the will of Helen Meis, deceased. The will and probate and the affidavit of Harry W. Niehaus, Trust Officer of The Fifth Third Union Trust Company, offered in evidence in support of the motion to dismiss, show that the will was admitted to probate on November 12, 1954. **Item VII** of said will is in part as follows:

"I give and bequeath to the Fifth Third Union Trust Company of Cincinnati, Ohio, and Harry Landt, of Cincinnati, Ohio, as Trustees, all the rest, residue and remainder of my property, real and personal, wheresoever situate, which I may own or have the right to dispose of at the time of my death. including lapsed legacies, in trust nevertheless, for the following uses and purposes: * * *"

**Item VI, paragraph G** of said will is as follows:

"In the event the said Harry Landt has predeceased me, or surviving me, has predeceased his children, Stephanie and Alice Jean, then the balance shall be paid over to The Fifth Third Union Trust Company, of Cincinnati, Ohio, as Trustee, under an agreement dated January 6, 1949, by and between the said The Fifth Third Union Trust Company and Harry Landt, to be added to and distributed as a part of said Trust Agreement, in accordance with its terms."

The Trust Company is named in the caption of the case in its capacity as executor and also as trustee under the will of Helen Meis, deceased and was properly served in each of these capacities. It is not, however, mentioned in the caption as trustee under the living trust created by Harry Landt on June 6, 1949, nor is it mentioned in this capacity in the petition, nor was service upon it ever obtained in such capacity.

Two questions are presented by this state of facts:

1. Can service upon the Trust Company in its capacity as trustee under the will of Helen Meis, deceased be considered to include service upon it in its capacity as trustee under the Landt trust?

2. If not, does §2305.17 R. C. apply to will contest cases so as to permit the making of the Trust Company as trustee under the Landt trust a new party defendant and ordering service of summons upon it after the expiration of the six months period following the probate of the will?

As to the first question, it seems to me to be quite clear that the Trust Company as trustee under the will and the Trust Company as trustee under the Landt trust cannot be considered as one person any more than an executor who is also a devisee or legatee under the will can be considered as one person. The Supreme Court in the case of **Bynner v. Jones, 154 Oh St 184** seems to have made this clear when it sustained the dismissal of a will contest action because of the failure of the plaintiff to sue or serve Jones as executor even though he was properly sued and served individually as a devisee under the will. The Court holds, therefore, that The Fifth Third Union Trust Company as trustee under the Landt trust is a necessary party and that service upon it as trustee under the will cannot be considered service upon it in its capacity as trustee under the Landt trust.

The second question is, however, much more difficult. The Trust

Company, as trustee under the Landt trust, is a legatee and, as such, is united in interest with other duly served legatees. The Supreme Court of Ohio has repeatedly held that §11230 GC was applicable in will contest cases so as to permit service upon a defendant in such cases after the expiration of the statutory period of limitation provided that others who were united in interest were served within such period. (See **Gravier v. Gluth, 163 Oh St 232.**) It is contended by the defendants, however, that the legislature, in substituting the phrase "within the meaning of §§2305.03 to 2305.22, inclusive, and §1307.02 R. C.," which appears in §2305.17 R. C., for the phrase "within the meaning of this chapter" which appeared in former §11230 GC, thereby clearly intended to exclude will contest actions from the "united in interest" provisions of §2305.17 R. C. Defendants argue that by the use of the substituted language the legislature intended that the "united in interest" provision should be applied only to cases under the general statute of limitations and to one other specifically named class of cases, to wit: actions under a forged or raised check, and that by including one special type of action, all other special type actions such as will contests were to be excluded.

With this contention the Court cannot agree. Very frankly, I cannot understand why the legislature referred to §1307.08 R. C. when it enacted §2305.17 R. C., because this latter section simply sets forth the conditions under which an action may be deemed to have been commenced. Sec. 1307.08 R. C., provides that a bank may not be liable to a depositor for money paid on a forged or raised check on the account of such depositor unless it has been notified by the depositor of such forgery within one year. It makes no reference to the time within which such depositor may bring an action against the bank and, provided that proper notice has been given by the depositor, the time within which such an action could be commenced would be entirely governed by the general statute of limitations. Consequently, the reference to §1307.08 R. C. in §2305.17 R. C., is utterly meaningless and cannot be considered as any evidence of an intention upon the part of the legislature to exclude will contest actions from the "united in interest" provision of said §2305.17 R. C.

Furthermore, it must be noted that at the same time it enacted §2305.17 R. C., the legislature also enacted §1.24 R. C., which is as follows:

"That in enacting this act it is the intent of the General Assembly not to change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions, and not as new enactments."

Finally, in passing upon this question, the Court must indulge every reasonable presumption and resolve every doubt in favor of affording rather than denying the plaintiff her day in court.

For these reasons, the motion of the plaintiff to make the Trust Company as trustee under the Landt trust a new party defendant will be

granted and the motion of the defendants for a dismissal of the action will be denied.

Entries may be submitted in accordance herewith saving exceptions to the defendants.