70

THE STATE, EX REL. COMMUNITY IMPROVEMENT CORP., APPELLANT, *v.* CITY OF INDEPENDENCE, APPELLEE.

(No. 39836—Decided April 13, 1966.)

*Messrs. Snyder, Neff & Chamberlin* and *Mr. Owen Calvin Neff*, for appellant.
*Mr. Walter C. Kelley, Jr.*, law director, for appellee.

MATTHIAS, J. The principal error assigned in this case is that the Court of Appeals was in error in determining, under the facts and circumstances, that relator is not entitled to the relief prayed for. Therefore, this court is requested to make a factual determination as to whether the property involved is, as relator contends, unsuitable for single-residential purposes, and that the zoning ordinance is thus an unconstitutional deprivation of property without due process of law.

Respondent, however, contends that relator has not filed a bill of exceptions. If this is the case and such bill of exceptions is necessary for the factual determination required herein, such contention would be dispositive of this appeal, for there would be nothing in this court exemplifying the facts necessary in determining the issue presented.

It is apparent at first glance that the original papers filed in this case and the entry of the Court of Appeals are insufficient to point out the factual error of which relator complains. More is required, for the facts underlying such documents are barely brought to the surface if, indeed, they are apparent at all. Thus, the testimony considered in the Court of Appeals, the trial court in this instance, must be considered before a proper ruling can be made.

The testimony in this case was taken before a master com-

missioner as authorized by Section 2315.40, Revised Code. This procedure, however, does not give such testimony any feature distinguishing it from testimony taken originally by that court itself. In short, testimony taken by a master commissioner stands upon an equal footing with testimony taken by a Court of Appeals. Nothing more and nothing less.

It is elementary that "a mere stenographic transcript of the entire proceedings of a cause, without authentication, is not a bill of exceptions." *Knowlson* v. *Bellman*, 160 Ohio St. 359, 364. Therefore, a transcript taken before a master commissioner, standing as an equal to that taken before a Court of Appeals, must qualify as the bill of exceptions required by Section 2321.05, Revised Code, before it can properly be considered by this court.

The method by which this transformation may occur is precisely designated by Section 2321.12, Revised Code. Expressed conversely for the present purposes "under Section 11571, General Code [Section 2321.12, Revised Code], there is no valid bill of exceptions which may be entertained by a reviewing court, where the same is not settled, allowed and signed by the trial judge, or where there is no agreement by the parties individually or by their attorneys stipulating that it is a true bill of exceptions, or where such bill is not authenticated as a true bill by the certificate of the official court reporter." Paragraph two of the syllabus in *Knowlson* v. *Bellman, supra*. (Provision for an official court reporter in the Court of Appeals is made in Section 2501.16, Revised Code.)

An examination of the "transcript of testimony" submitted to us by counsel for relator discloses that such transcript has not been authenticated as a bill of exceptions. That being so, there is in fact no bill of exceptions before this court exemplifying the facts necessary in determining the issues presented.

In so holding, we are aware that this precise set of facts was presented to this court in *State, ex rel. Cliffview Land Co.*, v. *Maloney, Commr.*, 166 Ohio St. 45. We hereby follow that case and dismiss the appeal.

*Appeal dismissed.*

ZIMMERMAN, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissenting. I dissent because the interests of justice would be better served if this case were to be decided on the merits. The relator desires to construct a multi-million dollar apartment complex in the respondent city. The issues posed are of great consequence first to the relator who wishes to make a substantial investment which would provide an economic stimulus to the community and second to the respondent city which desires to know whether it can, under its police power, prevent the large apartment complex from being built. Already substantial sums of money have been expended in this litigation and in preparation for it.

Over the past centuries, legal procedures have evolved toward the goal of deciding cases on their merits. Our recent decision in *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233, is a current example of this evolutionary process. The first sentence of that opinion reads,

"No person should be denied the assertion of a cause of action on captious or purely technical grounds and thereby be deprived of his 'day in court.'"

Indeed, this is so, because people enter our courts, not to test their lawyers' skill, but to settle their legal disputes.

The majority opinion and decision is looking backwards. It deprives appellant of its rightful appeal for failure to have the bill of exceptions certified—the omission of the performance of a purely ministerial duty. It is important to note that the typed transcript is before the court, that it was forwarded to this court by the Court of Appeals as the transcript of testimony, and that its authenticity is undoubted. Nevertheless, the omission of the certification is said to be dispositive.

The General Assembly has spoken on precisely this problem. Section 2321.14 of the Revised Code reads:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

In a case of this importance where the error is purely formal, the court's disposition is unfortunate. It is clear to me that this is an appropriate case for the exercise of the discretion which the General Assembly has expressly given us to be exercised "when justice requires it."