BEVERLY, APPELLANT, *v.* BEVERLY, EXRX., ET AL., APPELLEES.

[Cite as Beverly v. Beverly
(1973), 33 Ohio App. 2d 199.]

200

(No. 876—Decided January 12, 1973.)

Messrs. *Tone, Maddrell, Eastman & Grubbe,* for appellant.

Messrs. *Rhode & Kaufman* and *Mr. William O. Conkle,* for appellees.

\* \* \*

WILEY, J. A complaint was timely filed which contested the will of Clark L. Beverly, deceased, and named Sarah Beverly as defendant, in the caption, without further designation. Sarah Beverly was a devisee under the will, the surviving spouse, and the executrix named in the will. Only one service of summons was had upon Sarah Beverly and that was made without designating the capacity in which she was served.

After the statute of limitations had passed, Sarah Beverly as an individual filed a motion to dismiss the action

on the ground that the court lacked jurisdiction in that the executrix (Sarah Beverly) had not been made a party prior to the running of the statute of limitations. Before this motion was decided, the plaintiff filed a motion for leave to amend his complaint by adding Sarah Beverly a second time in the caption as executrix. The court ruled favorably upon plaintiff's motion without having disposed of the defendant's motion to dismiss. An amended complaint was filed which named Sarah Beverly in the caption as executrix and, also, individually after the six-months statute of limitations had run. Summons upon the amended complaint was served upon Sarah Beverly in her dual capacity. Thereafter, the defendant, Sarah Beverly as an individual, renewed her motion to dismiss on the grounds that the court lacked jurisdiction due to the running of the statute of limitations prior to the time that the executrix was named in the caption and properly served. The court sustained the defendant's motion and dismissed the action. It is from the court's judgment of dismissal that this appeal is made.

Plaintiff, the appellant herein, assigned as error the sustaining of the motion to dismiss the amended complaint after the sustaining of plaintiff's motion for leave to amend the complaint.

Plaintiff first argues that the trial court, by ruling favorably for the plaintiff, by permitting the amendment of the complaint, had rendered the defendant's motion to dismiss academic. That the trial court did not consider this argument valid is indicated by the granting of the defendant's motion to dismiss. We find that the trial court did not err in permitting the plaintiff to reform the complaint, permitting defendant to renew the motion to dismiss, and then considering the motion to dismiss on its merits.

The second contention of the plaintiff is that the Ohio Rules of Civil Procedure do not require a defendant to be named in a representative or fiduciary capacity; furthermore, R. C. 2741.02, likewise, does not require it. That section, reads as follows:

"All the devisees, legatees, and heirs of the testator,

and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code.''

The defendant contends that the wording of the Civil Rules, Rule 9A in particular, is not to be construed as effecting a substantial change in the historically developed case law with regard to the requirement of naming a person, who is both a legatee or devisee and an executor, as an individual and, also, as an executor in the caption of a will contest complaint and in separate service of summons as to each.

We find that the capacity to sue or be sued as stated in Civil Rule 9A has no bearing on the situation in which the word capacity has been used in connection with will contest decisions which have construed R. C. 2741.02.

Beginning with the case of *Draher* v. *Walters* (1935), 130 Ohio St. 92, and continuing to the present date, considerable differences of opinion among the judges have occurred.

The syllabus in *Draher* reads as follows:

''Service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, *and also the executor*. Actual service of summons can thereafter be made upon the remainder of the defendants of that class.'' (Emphasis added.)

In this case, all of the proper parties were named but the clerk issued summons for only one of the defendants who was an heir and was not the executor, and this omission was not noted until after the period had run for the filing of the action and the issuing of summons, as then required. After the discovery of the omission, an alias service of summons upon the other defendants was duly made. The defendants moved for the dismissal of the plaintiff's petition on the ground that service was made on only one of the defendants within the time set by statute. The judgment of the court, as indicated by the syllabus, was rendered with a 4 to 3 decision. Judges Stephenson, Matthias and Zimmerman dissented and each wrote a short dissenting

opinion. Judge Zimmerman, in dissenting, stated, in part, as follows:

"My opinion is, of course, based on the existing statutes. If the rule for which I am contending should prove too harsh in too many cases, the situation could be remedied by the General Assembly."

In *Draher*, it is to be noted that the executor was also bound "for the reason that the shadow follows the substance." This would indicate that at least the majority of the court considered the real parties in interest to be the heirs, legatees and devisees. On the other hand, the majority did indicate that service upon the executor would not be considered sufficient to constitute commencement of action against the heir-legatee-devisee class. This view of the executor is not inconsistent with the view often expressed that the executor is not a real party in interest but, rather, a stakeholder for others. Cf. *Burwell* v. *Maynard*, 21 Ohio St. 2d 108.

Judge Matthias, in dissenting in *Draher*, made the statement at page 97, that he adhered to the holding of the court in *McCord* v. *McCord*, 104 Ohio St. 274, for the reason expressed by Judge Stephenson in his dissent in *Draher*. Judge Stephenson stated, at page 97, in part:

"The executor is in a class by himself. He is a party only because made so by statute, and unless he is served with summons within the time prescribed by law, the action dies as to all."

Fifteen years later, in 1950, in *Peters* v. *Moore*, 154 Ohio St. 177, the court made the following statement in paragraph 5 of the syllabus:

"In such an action [a will contest] the court is without jurisdiction unless the executor is made a party and a summons, duly followed by service, is issued within six months * * *."

It specifically overruled *Draher* v. *Walters* as to that part of the syllabus relating to an executor, and approved and indicated that the court was following paragraphs two and three of the syllabus in the case of *McCord* v. *McCord* (1922), 104 Ohio St. 274. These provided, in effect, that

codefendants are "united in interest" within the meaning of the provisions of G. C. 11230 only when they are similarly interested, and that an executor named in a will is not "united in interest" with the heirs and devisees. They further provided that an action to contest a will is not commenced as to the heirs and devisees by the issuance of a summons for the executor even though such is duly served upon him. (The decisions in the case of *McCord* v. *McCord* and *Peters* v. *Moore* were unanimous.)

In *Peters* v. *Moore, supra,* Lotus Moore, daughter of the decedent, was named as a defendant and was served only in her individual capacity. One Leroy Peters was erroneously designated as executor. Lotus Moore had been named executrix upon the refusal of the said Leroy Peters to serve as executor. In *McCord* v. *McCord,* the service had been on the executor only. In *Draher,* the service had been made upon only one of the legatee-devisees.

The Court in *Peters* v. *Moore, supra,* at 180, in construing G. C. 12080, stated:

"In the *Draher* case there was a compliance with this mandatory jurisdictional provision. When the suit was instituted the executor was named as one of the defendants. To the petition was attached a praecipe requesting issuance and service of summons on all defendants. However, the clerk failed to issue a summons for the executor * * *. In contrast, in the instant case there was no compliance with this statute. The sole executrix as such was not named as one of the defendants *in the petition,* and, of course, there was no precipe for the issuance of a summons for her and none was served on her as executrix. As a further complication, in his petition the plaintiff included among the defendants Leroy Peters as executor, although he never had been appointed as such; but a praecipe was filed and he was served with a summons in that capacity." (Emphasis added.)

At page 182, the court further referred to the error of naming Peters as executor in refuting the plaintiff's argument that the designation of the defendant's capacity was immaterial, and if named as a party in one capacity,

he inferentially should be considered a party in any other capacity. The court went on to say:

"The plaintiff's theory would place the court in the anomalous position of substituting a mere, unwarranted inference for a specific, contrary allegation—hardly a proper rule for construing a pleading."

At page 183 the court stated:

"Furthermore, if there is not unity of interest between the executor and heirs and devisees sufficient to support service of summons on the heirs and devisees after service on the executor, obviously service on the heirs and devisees is likewise not sufficient to support service on the executor, as in the instant case. Restated more simply, the rule is as broad as long and works both ways."

Thus, the court in *Peters* v. *Moore, supra,* elevates the executor to more than a mere stakeholder or more than "only a shadow and not a substance," as indicated in the opinion of Judge Day in *Draher* v. *Walters, supra.* In *Bynner* v. *Jones,* 154 Ohio St. 184, decided the same day as *Peters* v. *Moore,* defendant was both a legatee and executor but was served as an individual and not as an executor—the special feature of mistakenly naming an executor, as in *Peters,* was absent. In *Bynner,* the action was dismissed for want of jurisdiction because no person was made a party as executor.

In *Mangan* v. *Hopkins,* 166 Ohio St. 41, decided December 1956, with a 4 to 3 decision, the court found it to be mandatory and jurisdictional that the executor or administrator be made a party in a will contest action. Thus, the court did not secure jurisdiction, even though the defendant, Hopkins, *who was neither an heir nor a devisee,* and was designated *in the body of the petition as administrator* with the will annexed, was *named in the caption* and was served *only in his individual capacity.* At page 42, the court gave its opinion:

"*Per Curiam.* The rule is now well established by virtue of the decisions of this court in *Peters* v. *Moore,* 154 Ohio St. 177, 93 N. E. (2d), 683, and *Bynner* v. *Jones,* 154 Ohio St., 184, 93 N. E. (2d), 687, that, under the provi-

sions of Section 2741.02, Revised Code (former Section 12080, General Code), and Section 2741.09, Revised Code (former Section 12087, General Code), it is mandatory and jurisdictional that the executor or administrator be made a party in an action to contest a will, and that in such an action the court is without jurisdiction unless the executor or administrator is made a party, and a summons, duly followed by service, is issued within six months after the will has been admitted to probate.

"It is argued in the instant case that because W. Dean Hopkins was neither an heir nor a devisee it could reasonably be inferred that he was a party as administrator with the will annexed, and that service on him was so made. In the *Bynner case, supra,* a defendant was both legatee and executor and was served only as an individual. This court affirmed the dismissal of that action for failure to serve such defendant in his representative capacity.

"In an action to contest a will, the fact that the executor or administrator is named a party and was so served must clearly appear from the record of the case, and the fact that the person serving as executor or administrator may or may not be a party in another capacity does not eliminate the requirement that he be served in his fiduciary capacity.

"The judgment of the Court of Appeals is affirmed."

Judge Taft wrote a separate concurring opinion. In Judge Taft's opinion, he pointed out that when the court decided the cases of *Peters* v. *Moore, supra,* and *Bynner* v. *Jones, supra,* in 1950, *the argument was presented that so far as the executor or administrator was concerned in a will contest action, such executor or administrator was not two legal entities but only one legal entity, and was merely an individual acting in a representative capacity.* The other argument presented was to the effect that the executor or administrator was a separate legal entity from the individual. *Judge Taft, though concurring in Mangan v. Hopkins, stated that he believed the argument of a single entity was more sound and would lead to less technical barriers in the path toward justice.* Judge Taft went on to say at page 43:

"* * * However, since the other six members of this court disagreed with that argument and since the concept which they favored did not appear to be clearly unreasonable, the writer of this opinion, for the sake of unanimity, concurred in the *Bynner* v. *Jones* opinion and decision. I believe that the desirability of having some stability in the law as announced by this court militates against overruling the unanimous decision of this court in *Bynner* v. *Jones, supra* (154 Ohio St. 184), and the reasons unanimously advanced in the opinion 'by the court' for that decision.'' Further, quoting from Judge Taft at the bottom of page 43, it was stated:

"In the instant case, Hopkins as an individual was made a party and served with process within the statutory period specified for bringing a will contest proceeding. However, he as an individual is a separate legal entity from Hopkins as administrator; and Hopkins as administrator was not thereby either made a party or summoned. Thus, unless this court abandons the reasoning which it advanced in support of its decision in *Bynner* v. *Jones, supra* (154 Ohio St., 184), and adopts the arguments of the appellants, which it rejected when that decision was rendered, it does not seem to me that it can with any logic do other than affirm the decision of the Court of Appeals in the instant case.''

In *Mangan,* however, Judge Stewart dissented, and the dissent was concurred in by Judges Hart and Zimmerman. These three judges distinguished the cases of *Peters* v. *Moore, supra,* and *Bynner* v. *Jones, supra,* in that in each of those cases the executor occupied a dual capacity. He was both an heir and legatee as well as executor. At the bottom of page 44, Judge Stewart went on to state:

"I am of the opinion that the *Peters* and *Bynner* cases went to the extreme limit in the application of the statute, and that the application should not be extended beyond that limit. To extend it in the present case seems to me to be an unjustifiable technicality resulting in an unnecessary barrier in the path toward justice.''

In the case of *Bynner* v. *Jones, supra,* it was indicated that the cases of *Bockert* v. *Bockert,* 82 Ohio App. 274, and

*Morrisse* v. *Billau,* 70 Ohio App. 215, were overruled. The latter case was decided by the Court of Appeals for Lucas County on July 17, 1941, with an opinion written by Judge Lloyd, concurred in by Judges Overmyer and Carpenter.

It was indicated in paragraph 1 of the syllabus of *Morrisse* v. *Billau* that "the petition, not the caption, determines the parties necessary to the prosecution of an action," citing *Blackwell* v. *Montgomery,* 1 Handy 40, 12 Dec. Rep. 16 and *Paola Town Co.* v. *Krutz,* 22 Kan. 725 at 729.

We next turn to *Fletcher* v. *Bank* (1958), 167 Ohio St. 211, and *Gravier* v. *Gluth, Exrx.* (1955), 163 Ohio St. 232.

In *Gravier* v. *Gluth, Exrx.,* a unanimous court decided that the court did not obtain jurisdiction in a will contest action where the only heirs made parties were the defendant Gluth, the executrix, and Edith N. Boll, the sole legatee and devisee of the estate, and three other next-of-kin and heirs at law. *A large group of heirs, all living in Berlin, Germany,* had not been named originally. (The *executrix* was named and some *heirs* were not named.)

In *Fletcher* v. *Bank, supra,* the will contest had proceeded to trial and at the conclusion of the contestants' testimony, the trial court dismissed the action on the ground of lack of jurisdiction, since one heir at law had not been made a party within the period of six months, as required by statute. At page 215, the opinion of the majority of the court included the following:

"Perhaps it should be added that the instant case involves no question concerning the subsequent issuance or service of summons since the one heir at law was not *named* as a party *within* the six-month limitation and was not and could not have been properly so named *thereafter.*

"In Ohio the right to contest the validity of a will or codicil is wholly a creature of statute and hence is *entirely a matter of legislative policy.* The intention of the General Assembly to accelerate the settlement of estates is indicated by the fact that at one time the requirement for will contests was two years. Later it was reduced to one year, and now it has been still further restricted to six

months. Also important is the additional fact that the General Assembly was not satisfied to enact an ordinary waivable statute of limitation but has established mandatory conditions precedent that the action 'shall be brought' within six months after probate, and the interested persons 'must be made parties' thereto.'' (Emphasis ours.)

In *Fletcher* v. *Bank, supra,* however, two judges dissented—Judges Stewart and Herbert. Judge Stewart began his dissenting opinion by stating:

*''I have an abiding conviction that, if reasonably possible, procedural statutes should be interpreted so as to permit the trial of causes on their merits rather than to prohibit such trials.''* (Emphasis ours.)

The dissent went on to indicate that the *Draher* case had been overruled only as to that part of the syllabus relating to an executor and was not overruled as to the "united in interest" theory.

A week later, in the case of *Abbott* v. *Dawson,* 167 Ohio St. 238, decided January 29, 1958, the court held: ''In a will contest, where the executor or administrator is made a party, is named in the caption of the petition as executor or administrator and in no other capacity, is described in the body of the petition as executor or administrator and in no other capacity, and in fact has no relation to such case in any other capacity, and where, attached to the petition, there is a praecipe for the issuance of summons, naming such executor or administrator but not with his title attached, and where service of summons is made upon such executor or administrator, with the caption of the petition upon the summons, in which caption the party is named as executor or administrator and in no other capacity, such executor or administrator is summoned as a party to the will contest in his fiduciary capacity. (*Mangan* v. *Hopkins,* 166 Ohio St. 41, distinquished.)'' One judge dissented.

On March 23, 1966, a decision of the Supreme Court was given in the case of *Porter* v. *Fenner,* 5 Ohio St. 2d 233. The first and second paragraphs of the syllabus in that case are as follows:

''1. Remedial statutes and the proceedings thereunder

are to be liberally construed, and no person should be denied the assertion of a cause of action on captious or purely technical grounds.

"2. Where in a timely brought action to contest a will, a defendant is designated in the body of the petition as the executor of the deceased testator's estate, but in the caption of the petition, in the precipe for summons and in the summons which is served on him he is named in an individual capacity, and it is apparent that his sole relation to the estate is that of executor, there is sufficient compliance with the provisions of Section 2741.02, Revised Code, to bring him into the action as executor, and a motion filed more than six months after the admission of the will to probate to dismiss the petition for failure to summon him as executor should be overruled. (*Mangan* v. *Hopkins,* 166 Ohio St. 41, overruled.)"

In the body of the petition it was alleged that Karl Smith was appointed by the probate court as executor of decedent's estate and summons was made upon him *upon which the following endorsement* was made: "action to contest will of Omer C. Fenner, deceased." Judge Zimmerman wrote the opinion for the majority of the court and two judges dissented. At page 235, Judge Zimmerman stated:

"No person should be denied the assertion of a cause of action on captious or purely technical grounds and thereby be deprived of his 'day in court.' "

"And Section 2309.58, Revised Code, states:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a *mistake in any other respect* * * *." (Emphasis supplied.)

"Moreover, '*the petition, or the record of the court's proceedings, rather than the caption of the pleadings, determines who the parties rightfully and legally are.*' 41 Ohio Jurisprudence 2d 454, Section 6, citing *Vance* v. *Davis, Agt.,* 107 Ohio St. 577, 580, 140 N. E. 588, 589." (Emphasis ours.)

In the opinion, Judge Zimmerman distinguished the facts in this case from the facts in *Peters* v. *Moore, supra,* and *Bynner* v. *Jones, supra,* in that in those two cases there was a dual role, whereas in *Porter* v. *Fenner* the defendant was acting only in one capacity—as the executor. At page 237, we quote from Chief Justice Taft's dissenting opinion:

"Taft, C. J., dissenting. I dissent for the reasons stated in my concurring opinion in *Mangan* v. *Hopkins* (1956), 166 Ohio St. 41, 42, 138 N. E. 2d 872.

"However, if the majority of this court is going to overrule that case and reverse the judgment in the instant case, I believe it is unfortunate that they do not also overrule *Bynner* v. *Jones* (1950), 154 Ohio St. 184, 93 N. E. 2d. 687, and thereby relieve those who should be guided by our decisions from the impossible task of endeavoring to find some reasonable ground for distinguishing that case from this case.

"Every reason advanced in support of the decision being rendered in the instant case would require a decision in the *Bynner* case other than the decision there rendered. In that case, 'the body of the petition contains a statement that [one who had been there named in the caption of the petition and in the precipe only as an individual] was appointed executor.' Furthermore, in that case, the one so named 'in his answer expressed no reservation that he was not answering in the fiduciary capacity of executor.' He even admitted therein 'the truth of' the allegation 'that he' was 'the executor.' ''

A few weeks after the decision in the *Porter* case, *State, ex rel. Corp.,* v. *City of Independence* (1966), 6 Ohio St. 2d 70, was decided. The following statement was made by Judge Herbert, at page 73, in his dissenting opinion:

"Over the past centuries, legal procedures have evolved toward the goal of deciding cases on their merits. Our recent decision in *Porter* v. *Fenner* (1966), 5 Ohio St. 2d 233, is a current example of this evolutionary process. The first sentence of that opinion reads.

" 'No person should be denied the assertion of a cause of action on captious or purely technical grounds and thereby be deprived of his 'day in court.'

"Indeed, this is so, because people enter our courts, not to test their lawyers' skill, but to settle their legal disputes."

*Hecker* v. *Schuler* (1967), 12 Ohio St. 2d 58, held that a nominated fiduciary, not appointed as such by the probate court until after six months following probate, was not an interested person within the statute providing that all devisees, legatees and heirs and other interested persons, including executor or administrator, must be made parties to will contests; hence, an action commenced within six months after probate of the will was brought within six months even though the fiduciary was served with summons only as an individual. The facts in this case were rather unusual in that the will was admitted to probate, but, because the estate was relieved from administration as being valued at only $114, no executrix was appointed. Elizabeth Schuler had been named as an executrix in the will. In the petition to contest the will she was named in the caption and the body of the petition as executrix, in addition to being named, as an individual, a devisee and heir. However, she was served with summons only as an individual defendant. An alternate named in the will, one Faulkner, was eventually appointed as executor. Cf. *Burwell* v. *Maynard* (1970), 21 Ohio St. 2d 108.

In the *Hecker* opinion, at page 61, the court indicated that the essential purpose of requiring the participation of the fiduciary in a will as a party is to notify him of, and to actuate his duties during the pendency of that action. The court further stated:

"Although he undoubtedly has the *right* to defend the will (see Section 2741.04, R. C.) he has no *duty* so to do and may cast that burden upon the legatees and devisees. *Executors of Andrews* v. *Administrators,* 7 Ohio St. 143."

The court concluded that under the particular facts of the case the will contest was "brought" within six months after the probate of the will according to R. C. 2741.09.

Then, the court stated, at page 61:

"Under this solution of the case, we need not divaricate, as the appellants would have us, through *Porter* v. *Fenner,* 5 Ohio St., 2d 233; *Mangan* v. *Hopkins,* 166 Ohio

St. 41; *Bynner* v. *Jones,* 154 Ohio St. 184; and *Peters* v. *Moore,* 154 Ohio St. 171 (in each of which there *was* a duly appointed executor who was joined in the action, but served with summons in his individual, not his fiduciary, capacity), to see whether *Porter* inferentially overruled *Bynner* and *Peters* through the express overruling of *Mangan* (as the Chief Justice thought *Porter* expressly should do, viz., 5 Ohio St. 2d 233, 237) and thus to determine whether the rule of *Draher* v. *Walters,* 130 Ohio St. 92, has been revitalized. This determination must await a case in which the question necessarily presents itself."

That failure to follow exact procedural steps should not deprive a person of his day in court and a trial on the merits is demonstrated in the case of *Heuser* v. *Crum,* 31 Ohio St. 2d 90. At page 94, after referring to amendments to R. C. 2117.07, and the procedural elaborations set forth in *Meinberg* v. *Glaser* (1968), 14 Ohio St. 2d 193, the court stated:

"* * * They were not intended to be instrumental in depriving persons of their day in court where they have performed all duties concomitant with due process and have satisfied statutory requirements regarding service of summons on the only interested defendant, commencement of actions and statutes of limitations.

"It has not been alleged or shown that a failure to obtain service upon some representative of the estate of Wetzel Crum would prejudice appellee State Farm in any way in a trial on the merits of this case. * * *"

A copy of the complaint, together with interrogatories attached, in the case *sub judica* was served upon Sarah Beverly.

Item 4 of the complaint stated:

"The defendant, Sarah Beverly, was appointed Executrix of the Estate of Clark L. Beverly, deceased, and continues to serve in that capacity."

Item 5 of the complaint stated:

"The defendants, Sarah Beverly and Clerk Dix Beverly are the beneficiaries named in the purported will, and there are no persons other than the plaintiff and defendants named in the complaint who have any interest in the

document filed for and admitted to probate as the last will and testament of Clark L. Beverly, deceased.''

The first two lines of the interrogatories read as follows:

''Plaintiff propounds the following interrogatories to the Defendant, Sarah Beverly, to be answered, in full, under oath:''

The last three lines read as follows:

''or, in the alternative, furnish plaintiff with medical authorizations signed by you, as Executrix, authorizing the plaintiff to review and secure copies of all medical records pertaining to the decedent.''

It would be captious and purely technical to say that she, as an individual, did have notice, was properly served but, as an executrix, was uninformed. She was also an heir at law. Technically, we could be ridiculous and require that three separate summons and three separate copies of the complaint be served upon her, one in her role as an executrix, one in her role as an heir, and one in her role as a devisee or legatee.

Civil Rule 15A provides: ''Leave of court shall be freely given when justice so requires.'' Civil Rule 15C pertains to the relation back of amendments. The amendment in the caption in the case herein was permitted by the trial court and even though the addition of the word ''executrix'' after the name ''Sarah Beverly'' did not, in the precise wording of the rule, ''change the party against whom a claim is asserted,'' the addition actually made comes within the spirit of this Rule 15C, in that the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, and the party to be brought in by the amendment did receive the notice of the institution of the action and will not be prejudiced in the maintaining of a defense on the merits. Sarah Beverly, executrix, knew or should have known that, but for the mistake in not identifying her as executrix in the original caption, the action would have been brought against Sarah Beverly in her role as an individual and also in her role as executrix.

Even though the rule may have been well established

as stated in *Mangan, supra,* that it is mandatory and jurisdictional that the executor or administrator be made a party in an action to contest a will, is it necessary to continue to accept the argument presented in *Peters* v. *Moore* and *Bynner* v. *Jones, supra,* that in *a will contest* the person named becomes two legal entities if he is an heir, legatee, or devisee, and also the executor? We think it is not. It is submitted that *Porter, supra,* inferentially did overrule *Bynner* v. *Jones* and *Peters* v. *Moore, supra,* and that the reasoning advanced by Chief Justice Taft should now be adopted as the more sound reason. In making such a judgment, it would not be necessary to determine whether the rule of *Draher* v. *Walters, supra,* wherein the unity-of-interest theory was advanced, has been revitalized, as intimated by the court in *Hecker, supra.*

To eliminate the harshness mentioned by Judge Zimmerman, to secure the desired goal of a decision on the merits, and to avoid substituting procedural form for substance, it now appears that Justice Taft was correct in believing that "the single entity" was "the sounder argument and would lead to less technical barriers in the path toward justice."

For the reasons stated, the judgment of the Common Pleas Court is reversed and the cause is remanded to such court for further proceedings according to law.

*Judgment reversed.*

POTTER, P. J., and BROWN, J., concur.

BROWN, J., concurring. *Draher* v. *Walters* (1935), 130 Ohio St. 92, when combined with the much earlier, well-reasoned case of *Bradford* v. *Andrews* (1870), 20 Ohio St. 208 (see paragraph 1 of the syllabus thereof) upon which *Draher* heavily relies, stands for the following sound legal principle which is universally recognized.

Where a proceeding for a contest of a will is commenced within the statutory period of limitations, although only some of the necessary parties interested (R. C. 2741.-02) are made parties of record or served with summons

within the statutory period, notwithstanding that some of them are not made parties of record or served with summons until after the statutory period of limitations has expired, the action has been properly commenced in time. A dismissal of the petitions for procedural irregularities was reversed by the Ohio Supreme Court in both cases.

*Bradford* and *Draher, supra,* are in accord with sound, elementary principles of justice, which keep squarely in focus that procedural and jurisdiction statutes are merely a path or avenue to reach a determination of a case on its merits, *i. e.,* the quintessence of justice, by an application of the substantive law to the facts, viz., that the purported last will and testament is or is not the valid last will by reason of alleged fraud, forgery, duress, or otherwise based upon evidence adduced at a trial. This observation is not the whim or caprice of one appellate judge, but is a legal tenet or principle recognized by Ohio statutes and is repeatedly imbedded as a foundation in many decisions of reviewing courts in Ohio. R. C. 1.11 ("Remedial laws * * * shall be liberally construed * * * to promote their object and assist the parties in *obtaining justice.*") (Emphasis added.) R. C. 2309.58; *Porter* v. *Fenner,* 5 Ohio St. 2d 233 at p. 235; *Van Meter* v. *Segal-Schadel Co.,* 5 Ohio St. 2d 185; *Industrial Commission* v. *Musselli,* 102 Ohio St. 10; *Weirick* v. *Mansfield Lumber Co.,* 96 Ohio St. 386; *Reily* v. *Whiteman,* 69 Ohio St. 543; *Goldenberger* v. *Ryan,* 62 Ohio St. 643; *McAllister* v. *Hartzell,* 60 Ohio St. 69; *Meisse* v. *McCoy's Adm'r.,* 17 Ohio St. 225; *Baldine* v. *Klee,* 14 Ohio App. 2d 181.

Although the *Bradford* and *Draher* cases, *supra,* also are in accord with the universal and generally accepted rule that amendments to a petition or complaint do not relate back to the date of filing of the original petition or complaint where the statute of limitations had run against the new parties, but that such rule does *not* apply to a case where no judgment can be rendered until all interested and necessary parties are before the court. *Morrisse* v. *Billau,* 70 Ohio App. 215, 34 Ohio Jurisprudence 2d 617, Limitations of Actions, Section 141; cf. Civ. R. 3(A); *Doe, ex dem.*

*Evans,* v. *Richardson,* 76 Ala. 329; *Green* v. *Clifford,* 94 Cal. 49, 29 P. 331; *Moody* v. *Wickersham,* 111 Kan. 770, 207 P. 847, 24 A. L. R. 794; *Casserly* v. *Wayne Circuit Judge,* 124 Mich. 157, 82 N.W. 841; *Niehaus* v. *C. B. Barker Constr. Co.,* 135 Tenn. 382, 186 S. W. 461; *Dallas* v. *Morris,* 120 Tex. 181, 36 S. W. 2d 702; *Burkhardt Milling & Elec. Power Co.* v. *Hudson,* 165 Wis. 412, 162 N. W. 429; 51 American Jurisprudence 2d 799, Limitation of Actions, Section 272; 54 Corpus Juris Secundum 314, Limitation of Actions, Section 276; 8 A. L. R. 2d 112; Fed. R. Civ. P. 15 (C).

*Bradford* and *Draher, supra,* also recognized the legal requirement that a civil action, including a will contest proceeding, is commenced by the filing of a petition in the office of the clerk of the proper court and causing a summons to be issued thereon for at least one of the codefendants united in interest. See R. C. 2703.01 (formerly G. C. 11279), now controlled by Civil Rule 3(A), action commenced by filing a complaint if service is obtained one year from such filing; R. C. 2305.17 (formerly G. C. 11230) now controlled by Civil Rule 3(A); *Cover* v. *Hildebran,* 103 Ohio App. 413, paragraph 1 of the syllabus; *Staley* v. *Scheck,* 99 Ohio App, 242; *Wilhelm* v. *Landt,* 74 Ohio Law Abs. 180; 1 Ohio Jurisprudence 2d 311, Actions, Sections 40, 41.

The meaning of "commencement of action" as defined in R. C. 2305.17 (now defined by Civil Rule 3(A)) applies to the "shall be brought within six months" limitation for the commencement of a will contest action under R. C. 2741.09, *Gravier* v. *Gluth, Exrx.,* 163 Ohio St. 232; *Cover* v. *Hildebran, Exrx.,* 103 Ohio App. 413, at 415; *Landrum* v. *Fulton, Supt. of Banks,* 47 Ohio App. 376.

*Bradford* and *Draher, supra,* recognized the universal and fundamental legal principle that an amended petition to which new parties defendant were added and through which such parties were served with process, relates back and has exclusive relation to the time of the commencement of the action (petition filed and process issued for one of multiple defendants), the rights of the parties being determined as of that time, provided no new or distinct cause of action is set forth in the amendment. *Moher-*

*man* v. *Nickels,* 140 Ohio St. 450, paragraph 3 of the syllabus; *Douglas* v. *Daniels Bros. Coal Co.,* 135 Ohio St. 641; *Stauffer* v. *Isaly Dairy Co.,* 4 Ohio App. 2d 15; 43 Ohio Jurisprudence 2d 361, Pleading, Section 338; 123 A.L.R. 761, 768; 61 American Jurisprudence 2d 741, Pleading, Section 336, Doctrine of Relation Back; 71 Corpus Juris Secundum 583, Pleading, Section 276; Civil Rule 15(C); Fed. R. Civ. P. 15(C); cf. *Burwell* v. *Maynard,* 21 Ohio St. 2d 108.

However, after the well reasoned opinion and just result in *Draher* in 1935, the Ohio Supreme Court in a series of will contest cases became bogged down in a morass of hypertechnical niceties, subtle distinctions, divarication of decisions, causing a sea of confusion and completely disregarded one or more of the generally accepted legal principles of pleading and procedure above discussed. From 1950 to 1958 the Ohio Supreme Court dismissed for procedural reasons the will contest actions in the following cases: *Peters* v. *Moore* (1950), 154 Ohio St. 177; *Bynner* v. *Jones* (1950), 154 Ohio St. 184; *Gravier* v. *Gluth, Exrx.* (1955), 163 Ohio St. 232; *Mangan* v. *Hopkins* (1956), 166 Ohio St. 41; *Fletcher* v. *Bank* (1958), 167 Ohio St. 211. There is little, if any, value in trying to divinate the rationale, bifurcate their distinguishing features and legal precepts or attempt to resuscitate or revitalize their arguably doubtful juristic foundation. Each of these decisions should be promptly overruled (as *Mangan* v. *Hopkins, supra,* has been overruled already in the *Porter* case, *supra*), for each of these aids some lawyers to use the courts to practice their art, skill and sport of gamesmanship. Courts exist for the purpose primarily of determining the substantive rights of litigants; viz., to administer justice and not to reward the lawyer more skilled in gamesmanship.

Fortunately for litigants the Ohio Supreme Court since 1958 has departed from the rationale of the cases from *Peters* to *Fletcher, supra,* discussed with disfavor in the preceding paragraph, and by resorting to sound legal principles, designed to surmount the forest of procedural

hurdles, has refused to dismiss will contest actions in the following cases: *Abbott* v. *Dawson* (1958), 167 Ohio St. 238; *Porter* v. *Fenner, supra* (overruling *Mangan* v. *Hopkins, supra*); and *Hecker* v. *Schuler,* 12 Ohio St. 2d 58. Such keen judicial perspicacity and circumspection is commendable. This is the judicial track on which we should continue in Ohio. Too often in the past cases have been dismissed in Ohio courts for trivial, procedural reasons, *e. g., State, ex rel. Federal Home Properties,* v. *Singer,* 9 Ohio St. 2d 95, and a host of dismissal of mandamus actions, see 43 Ohio Op. 2d 34; *Mason* v. *Waters,* 6 Ohio St. 2d 212; *Wickham* v. *First Federal Savings & Loan Co.,* 177 Ohio St. 170.

Also, fortunately, the reversal of the judgment of dismissal in the present case can be based upon the similar facts and law in *Porter* v. *Fenner, supra,* supported by the reasoning and sound legal principles stated in the *Bradford* and *Andrews* cases, *supra.*